# Peck & Brother v. Ryan.

## Action of Assumpsit.

1. *Admission implied from silence; when evidence thereof admissible.* Evidence of admissions to be implied from silence must be received with great caution ; and.for such evidence to be admissible, it must be shown that the statement was heard and understood by the party to be affected by it, that the truth of the facts embraced in it were. within his knowledge, and that the statement was made under such circumstances and by such persons as naturally called for a reply.

2. *Action on account; admissibility of statements made in the presence of plaintiff.*—In an action on an account, the defendant, claiming he had made two $50 payments to plaintiff's former book-keeper, who

[Peck & Brother v. Ryan.]

was dead at the time of the trial, and that he was only credited with one, introduced testimony that the deceased book-keeper acknowledged in the presence of the plaintiff that the defendant had paid him $50, but said that he could not say whether it had been credited, and to this statement the plaintiff made no denial, but replied that he only wanted what was right. *Held:* The admission of this evidence was erroneous, since the statements by the deceased book-keeper did not naturally call for a reply from plaintiff, and his silence could not be considered as an admission of a fact of which he had no knowledge.

3. *Same; when court may instruct jury as to the want of evidence in reference to a particular fact.*—Where, in an action on an account, the defendant under the plea of payment, claimed to have made four $50 payments on his account with the plaintiff, and the plaintiff admitted three of such payments, but the testimony relating to the fourth payment of $50 had been excluded, the court properly'instructed the jury that there is no testimony before them as to the fourth payment.

4. *Same; admission of the correctness of the account.*—Where, in an action on an account, it is shown that an itemized statement of the account in suit was handed to the defendant a reasonable time before the trial thereon was had in the justice of the peace court, to which statement he made no objection, and in his testimony before the justice he failed to deny the correctness of the account, his silence is an admission of its correctness; and may be used as evidence against him on a trial of the case in the circuit court on appeal from the judgment in the justice court.

5. *Same; recovery of goods sold to third persons on defendant's credit.* In an action on an account, the items of which were for goods sold to a third person on defendant's credit, plaintiff may recover upon proof of express authority given by defendant in person to plaintiff, to allow such third person to have the goods, or, on proof of authority to such third person to buy goods generally on defendant's credit, without specific mention of plaintiff; and a charge is erroneous which instructs the jury in such case, that "If plaintiff relied on express authority, given in person by defendant," to let the person to whom the goods were sold "have goods on defendant's credit, they can not recover on proof of the mere general authority to such person to buy goods on defendant's account generally, without mention of plaintiff."

APPEAL from the Circuit Court of Morgan.
Tried before the Hon. H. C. SPEAKE.
This suit was brought by the appellants, E. H. Peck & Bro., against the appellee, S. P. Ryan, to recover the balance of an account owing by defendant to plaintiffs. Defendant pleaded the general issue and payment.

22

[Peck & Brother v. Ryan.]

Part of this account was for goods furnished to one
Pleas Stewart on the credit of defendant. Plaintiff's evi-
dence tended to show that defendant authorized them to
let Stewart have goods on his credit, they having pre-
viously refused Stewart credit on his own account. After
this, defendant paid plaintiffs' small accounts made by
Stewart from time to time. Defendant's evidence tend-
ed to show that he told Stewart to go to the stores there
in town and get such articles as he might need, and that
no special mention was made of plaintiffs; that there-
upon Stewart, who was working for defendant, frequent-
ly made purchases from plaintiffs and others on defend-
ant's credit, and with his knowledge, for which he sub-
sequently paid, before the articles here involved were
obtained; that this was matter of frequent occurrence,
known to plaintiffs, and never revoked by defendant.

Several months before the suit, one of the plaintiffs
went with his books to defendant's house and staid all
night. The account was discussed and the books exam-
ined. After this suit was commenced, and some months
before its trial in the justice's court, defendant demand-
ed and received an itemized statement of his account.
On the occasion of the examination of the books at his
house, and in defendant's testimony on the trial in the
justice's court, defendant did not deny the correctness
of the debit items of his account, except as to the items
furnished Stewart. He contended then and contends
now that he made, among other payments, as to which
there is no dispute, four separate fifty dollar payments;
two to plaintiffs direct, and two to one Mason, plaintiffs'
book-keeper, whose connection with them ceased some
years ago, and who died before the commencement of
the suit. The court allowed defendant and others to
testify to a statement made by Mason, after his employ-
ment had terminated, in the presence of one of plain-
tiffs, concerning such payments. The rulings on this
evidence are sufficiently shown in the opinion. Plain-
tiffs conceded that defendant had made three separate
fifty dollar payments, but denied that there were four
such payments. Defendant was, against the objection
and exception of plaintiffs, allowed to testify to the two
fifty dollar payments, claimed to have been made to
Mason, as well as the two claimed to have been made to

[Peck & Brother v. Ryan.]

plaintiffs themselves. This testimony was subsequently excluded from the jury.

The plaintiffs requested the court to give to the jury the following written charges : (1.) "There is no testimony before the jury of four fifty dollar payments made by defendant on the account sued on." (2.) "If the jury believe from the evidence that an itemized statement of the account sued on was handed defendant a reasonable time before the trial in the justice court, and that defendant testified in this case on the trial before the justice of the peace, and in his testimony there given, he failed to deny or impeach the correctness of the items of his individual account, then that was an admission by defendant of the correctness of the debit items of his individual account." Plaintiffs separately excepted to the refusal of the court to give each of these charges, and also excepted to the court giving the following written charge requested by defendant : "If plaintiffs relied on express authority given them in person by defendant to let Pleas Stewart have goods on defendant's credit, they can not recover on proof of a mere general authority to Stewart to buy goods on defendant's account generally, without mention of plaintiffs."

There was judgment for the defendant. The plaintiffs appeal, and assign as error the rulings of the trial court to which exceptions were reserved.

E. W. GODBEY, for appellants.—The testimony as to the statements made by the former book-keeper of plaintiffs, in the presence of one of the plaintiffs, and to which statements the plaintiff made no reply, was not admissible in evidence.—1 Greenl. on Ev., § 199 ; *Campbell v. State*, 55 Ala. 84 ; *Weaver v. State*, 77 Ala. 26 ; *Lawson v. State*, 20 Ala. 65 ; *Spencer v. State*, 20 Ala. 24 ; *Abercrombie v. Allen*, 29 Ala. 281.

SPEAKE & RUSSELL, *contra*.

HARALSON, J. 1. H. M. Mason was the clerk and book-keeper of the plaintiffs, at the time the account was contracted, for the alleged balance due on which this suit was brought. Said Mason had died some time before the trial of the cause. One of the matters of dispute on the trial was, whether or not the defendant should

be credited on the account with $50, which he alleged he had paid to said Mason for plaintiffs on account in the year 1889, and which was not credited to defendant by Mason on defendant's account with plaintiffs. The defendant sought to prove by one Robertson, that in the Spring of 1891, at the court-house in Decatur, in the presence of E. H. Peck, one of the plaintiffs, and defendant, he heard a conversation between said Mason and defendant, in which the former stated to the latter that he knew defendant paid him $50, but whether he gave him credit for it or not, he could not say ; and all that said Peck said was, he only wanted what was right and defendant said the same thing. It was in proof that there were three credits of $50 each, on said account, entered as paid at different dates. To the introduction of this evidence, the plaintiff interposed several grounds of objection, authorizing its exclusion if well taken. The same proof was offered to be made by the defendant testifying, for himself, except that he did not testify, that plaintiff made any reply when Mason made the statement referred to.

The court erred in admitting the proof. It was objected to the competency of this evidence, among other grounds, that Mason, at the time of the transaction, acted in a representative or fiduciary relation to the plaintiffs, and the admission made by him, was long after the transaction to which it related.—Code, § 2765. But, if it were conceded that these grounds of objection were not well taken, the evidence was clearly illegal and improper on other grounds. The statement made by Mason to defendant did not naturally call for a reply from plaintiff Peck. It was manifest he did not know anything to reply. He did not know that defendant had paid the $50. He was disputing the payment, from lack of knowledge or information, such as, in his estimation, would justify him in allowing it as a credit. If he had remained perfectly silent, therefore, his silence could not have implied an admission of a fact, about which he had no knowledge. Besides, Mason did not say that defendant had paid him the $50 in dispute. He said the defendant had paid him that sum, but whether he gave him credit for it or not he could not say. By this he meant, evidently, that he was not sure but that this pay-

[Peck & Brother v. Ryan.]

ment constituted one of the three credits for the same amount, found in the account on the books.

But Peck did not remain silent. Mason's statement did not give him any information he did not have before. It did not settle the dispute between him and defendant. So, they both replied that all they desired was what was right. This as to plaintiff was the same thing as if he had replied: "I know nothing myself of this alleged payment. Mason gives me no information on which I can act, but if it could be shown to me, that the money was paid to him and not credited, I would allow it." There was no admission in this of the correctness of that item.

The rule for the introduction of admissions from silence, has been stated to be, "that the statement must be heard and understood by the party to be affected by it; that the truth of the facts embraced in it must be within his knowledge, and that the statement must be made under such circumstances, and by such persons as naturally call for a reply."—*Spencer v. The State*, 20 Ala. 27, and authorities cited; *Abercrombie v. Allen*, 29 Ala. 281; *Campbell v. The State*, 55 Ala. 80; *Weaver v. The State*, 77 Ala. 28; *Williams v. The State*, 81 Ala. 10; 1 Greenl. Ev., §§ 197, 199.

2. Charge No. 1 should have been given. It was not disputed that there were three $50 payments made by defendant on the account sued on. The charge evidently was intended as an instruction, and means that there was no legal proof, except of three such payments, and none of the fourth one claimed, which was true.

3. The second charge, when referred to the evidence, was correct. The facts stated imply an admission of the correctness of the account. When defense is confined to one item of an account on which a party is sued, it is an admission of its correctness as to all the other items; or, if an account is rendered to a debtor, and he retains it and makes no objection thereto in a reasonable time, his silence is an implied admission of its correctness. The charge should have been given.—*McCulloch v. Judd*, 20 Ala. 703; *Burns v. Campbell*, 71 Ala. 271; *Giddens v. Bolling*, 93 Ala. 95.

4. The charge requested by and given for defendant, under the evidence in the case, was an improper instruction. In this form of action it could make no difference

[Brown v. Bamberger, Bloom & Co.]

whether the authority to Stewart, to buy the goods of plaintiffs, was general or special. The only fact necessary to establish, was that the goods were procured on defendant's authority, whether general or special. The charge precluded a finding for plaintiffs on the items sold to Stewart, even if he had general authority to purchase goods on defendant's credit, from any of the stores, including plaintiffs', and although the defendant had, before that time, paid for goods that Stewart had purchased from plaintiffs on defendant's credit, and that defendant had not revoked such authorty.—*McKenzie v. Stevens*, 19 Ala. 629 ; *Whilden & Sons v. M. & P. N. B'k*, 64 Ala. 31 ; 2 Greenl. Ev., § 65; Story on Agency, § 56.

Reversed and remanded.