# Haas Brothers *v.* Craft.

### *Assumpsit.*

(Decided December 16, 1913.   64 South. 163.)

1. *Use and Occupation; Agreement; Effect.*—Where an agreement was entered into between the parties whereby defendants agreed to rent certain premises for one year at a stipulated rental, and to execute a lease and rent notes, as soon as they could be conveniently prepared, while only an executory agreement to rent, will justify a recovery of rent at the stipulated rate for the entire term under a count for use and occupation without any other proof of the use and occupation than the entry by defendant.

2. *Same; Rent; Defenses.*—Where the defendants entered under an agreement for a lease, and the action was assumpsit for use and occupation, and there was nothing to indicate that plaintiff had made any covenant as to the conditions of the property, evidence of the bad repair and unsanitary condition of the premises was not admissible.

3. *Same; Evidence.*—Under the evidence in this case it was a question for the jury to determine whether the defendants had taken possession under the agreement.

[Haas Brothers v. Craft.]

4. *Same.*—Where the action was for use and occupation of the premises for which defendant had agreed to take a lease, and the rental agent of plaintiff had testified that while the premises were occupied by a third person he had gone to the defendants and collected the rent, it was not reversible error to allow such rental agent to testify that he looked to defendants as tenants, since the facts upon which the conclusion was based had already been stated.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by John Craft against Haas Bros., and the members of the firm. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is based on the common counts, on a count for use and occupation, and for rent. The agreement mentioned is as follows: "I hereby agree to rent the premises located at Southwest St. Louis and Joachim streets, No. 253, St. Louis street, for one year, from Nov. 1, 1911, to Oct. 31, 1912, at the rate of $426.00 per annum, the rent to be paid monthly on the first of each month. Lease to be canceled in the event the green grocer shops are made to go into the southern market before expiration of lease. I further obligate myself to sign a lease as per printed form and rent notes for said premises as soon as they can be conveniently prepared, and presented to me, and further return same to your office without delay. Tenant to pay water rent. Executed this 14th day of September. [Signed] H. B. Page, Haas Brothers." Lease also contained an acceptance by Sage, Burgett & Yuille, as agents.

RICKARBY & AUSTILL, for appellant. The paper was not a lease but only an executory agreement.—*Harris v. Palmer*, 76 Ala. 157. Appellant contends further that the duty was on plaintiff to prove a lease and that there was failure, and that there was failure of proof, that defendants or anyone acting for them ever occupied the premises, and therefore, the judgment should have been for defendant.

[Haas Brothers v. Craft.]

GEORGE E. CRAWFORD, for appellee. The court cannot review the error assigned for failure to grant a new trial because the motion is not incorporated in the bill of exceptions.—*McCain Bros. v. Street*, 136 Ala. 625. The agreement followed by use and occupation of the premises created the relation of landlord and tenant.—*Howard v. Jones*, 123 Ala. 488; *Smith v. Pritchett*, 98 Ala. 649. Having occupied the premises under a contract definite as to amount and time, they are rendered liable in assumpsit on the contract.—*Burgess v. Am. Mtg. Co.*, 115 Ala. 468. In view of the facts already stated, it was not error to allow the witness to state that he looked to defendant for the payment of the rent.—*L. & N. v. Williams*, 62 South. 679.

WALKER, P. J.—Though the written contract which one Page and the appellants (defendants below) signed was not a lease from the appellee, but an executory agreement for a lease (*Harrison v. Parmer*, 76 Ala. 157), and, whether or not by that contract the appellants became bound as principals or as sureties, yet if the execution of it was followed by the appellants entering upon or assuming dominion of the premises mentioned, a recovery of the rent for the entire term may be had under the count for use and occupation, without any other proof of use and occupation than such entry by them, though they quitted the premises before the term expired; and the contract may be looked to to ascertain the amount of the rent and the length of the term agreed upon.—*Crommelin v. Thiess & Co.*, 31 Ala. 412, 70 Am. Dec. 499; *Howard v. Jones*, 123 Ala. 488, 26 South. 129; *A. G. Rhodes Furniture Co. v. Weeden & Dent*, 108 Ala. 252, 19 South. 318; *Smith v. Pritchett*, 98 Ala. 649, 13 South. 569.

[Haas Brothers v. Craft.]

There was evidence tending to prove that successive actual occupants of the premises during the period mentioned in the contract held under the appellants; that when the latter were called on by the appellee's agent for the rent, they did not question their liability, but requested that it be collected from the then occupant of the premises if possible. The appellants undertook to show that their dealings with the property were not for themselves, but were in behalf of the Haas Bros. Packing Company, a corporation of which they were the managing officers. It was a question for the jury whether the testimony to this effect rebutted or overcame the evidence tending to prove that the appellants, Haas Bros., who signed the contract, exercised dominion over the property. We cannot assent to the claim that there was an absence of any evidence tending to prove that the appellants entered and held the premises during the period mentioned in the contract. In connection with this evidence it was permissible for the contract to be looked to for a description of the property and the amount of the rent agreed upon. We find no error in the rulings of the court in this connection.

Plaintiff's counsel asked the witness Sage, who was one of the plaintiff's rental agents, "Did you or not look to them—Haas Bros.—as tenants of the property alone with Page?" It may be conceded that the question was subject to the objection made to it by the defendants. But it is not necessarily a reversible error to permit a witness to state his conclusion in answer to such a question when the witness has already stated the facts upon which his conclusion was based.—*Louisville & Nashville R. Co. v. Williams* (Sup.) 62 South. 679. This witness had testified to the fact that he, as plaintiff's agent, during the period covered by the contract for a lease, and while the property was actually occu-

pied by one who had acquired possession of it from some one other than the plaintiff or his agents, went to the defendants to collect of them the rent for it. This conduct of the witness as testified to by him showed that he was looking to them as tenants of the property. This being true, it was not reversible error to permit him to state his conclusion to this effect.

The only plea upon which the case went to the jury was the general issue. The assignments of error upon the rulings by which other pleas were disposed of are not sought to be supported by argument. There was nothing in the case to indicate that the plaintiff had made any covenant or agreement as to the condition of the premises or repairs upon them. In this situation evidence as to the premises being out of repair or in an unsanitary condition was not pertinent to any issue in the case, and the court was not in error in excluding evidence bearing only upon such inquiries.—*Murphy, et al. v. Farley,* 124 Ala. 279, 27 South. 442; *Rothe v. Bellingrath,* 71 Ala. 55.

Obvious considerations lead us to the conclusion that there was no reversible error in any of the other rulings on evidence which are assigned as errors. The questions so presented are not such as to call for a discussion of them. We discover no reversible error in the record.

Affirmed.