312

46 So.2d 242

**DAVIS v. STATE.**

2 Div. 797.

Court of Appeals of Alabama.
April 11, 1950.

Rehearing Denied May 9, 1950.

John W. Drinkard, of Linden and Pitts
& Pitts, of Selma, for appellant.

313

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

This appellant was tried and convicted on an indictment charging him with larceny of an animal of the cow kind. Title 14, Sec. 331, Code 1940.

Annette Murray testified that one night in June 1948 her yearling or cow was tied near her home; that she last observed the animal about midnight and the next morning it was missing.

By the aid of the officers the investigation led to the place of business of John Clancey where a green hide was located. Without dispute in the evidence this hide was sold to Clancey by appellant's son. Annette identified the hide and testified that it was skinned from the animal which she had lost.

The appellant testified that this hide was from a yearling he had bought from an unknown, unidentified Negro man. The purchase was made out in the country and on the day prior to the time Annette claimed to have lost her heifer. According to the appellant's testimony he bought the cow from the Negro on credit with the understanding and agreement that payment would be made the following Friday or Saturday.

There was proof of other circumstances which tended to connect the accused with the commission of the offense charged. That which we have delineated above will serve to illustrate our view that the defendant was not due the general affirmative charge. With commendable candor counsel for appellant concedes that a jury question was presented by the evidence.

Error is sought to be predicated on rulings of the trial judge incident to the introduction of the evidence.

Over timely objections Annette was allowed to state that in her best judgment the hide she saw at John Clancey's was the hide from her missing cow. The insistence is made that this was an unauthorized conclusion and invasive of the province of the jury.

Prior to the statement, Annette had described in detail the colors and characteristic marks on the body of her cow and also the similar markings which she observed on the hide.

Our authorities are committed to the doctrine that it is not reversible error to permit a witness to state a conclusion when he has already stated facts upon which his conclusion is based. Haas Brothers v. Craft, 9 Ala.App. 404, 64 So. 163.

We are not deciding the question of whether or not the statement would have been admissible if the witness had not previously given the indicated facts.

It appears from the evidence that John Clancey was familiar with Annette's missing cow. When he was interrogated with reference to the colors and markings on the hide he bought from appellant's son, he was asked: "Were they, in your judgment, markings of the same kind?" The court overruled objections based only on the general grounds.

Assuming, but not deciding, that this question called for a reply that was an unauthorized conclusion of the witness, the general objection was not sufficient to raise the position. Key v. State, 8 Ala.App. 2, 62 So. 335.

314

■ As we have indicated, the appellant testified that he bought the cow from an unknown Negro man with the understanding that he would pay for it at a later time. Effort was made to prove, by parties who had previously sold cows to the defendant, that in their dealings with him the appellant would at times defer payment until after the animals were slaughtered and sold. By this method the attempt was made to establish a custom or course of dealings and thereby support the appellant's contention that he bought the cow from the Negro man on credit.

The court did not allow the introduction of this proffer.

It is doubtful that this proof was admissible because it related to other and different transactions to which the unknown Negro was not a party. But, this aside, we cannot see how this evidence was capable of affording any reasonable presumption or inference in regard to the prime disputed factual issue. The appellant contended that he bought the cow from the Negro prior to the time Annette lost her yearling and the hide which was found at John Clancey's was in fact from the animal which he had purchased.

■ If the jury had accepted this claim, of an evidential necessity, the conclusion would have been reached that Annette was mistaken in her identity of the hide. In this event, an acquittal would have been in order, and this despite any proof of the details of the agreement between the appellant and the unknown party.

The admissibility of the evidence is stressed also from the point of view that the State went into the transaction and therefore the appellant was due the privilege of fully explaining the details of the agreement. The matter came into the State's evidence through the medium of proof of a statement which the appellant made to the officers. The effort to show the indicated course of dealings was made before the accused testified. When he did testify he was permitted to state in detail all the facts and circumstances incident to his claimed purchase of the cow. This included the statement that he bought the animal on credit and was to pay for it the following Friday or Saturday.

The question here presented is not influenced by the holding in Cummings v. State, 34 Ala.App. 650, 43 So.2d 326.

■ On direct examination the following question was propounded to the appellant: "Did you go with any officers down to the place where the Negro was supposed to live from whom you purchased the cow; if so where did you go?" The court sustained the solicitor's objection to this question.

In support of the insistence for error in this particular, counsel states in brief: "The State has shown by its witness, Moody Drinkard, who was an officer, that he had gone with the appellant to John Clancey's house to view certain cow hides that John Clancey had. Certainly the State having gone into the question of the appellant's going with an officer to one place, the appellant had a right to show that he also went with the officers to the home of the Negro from whom he claimed he had purchased the cow."

The rule to which reference is made relates to explanation of specific matters which have been gone into by the opposing litigant. It does not extend the inquiry into what may have transpired at other places and at different times which are entirely disassociated from the facts about which explanation is sought.

Charge number 10 which was refused to the defendant is no longer approved by our authorities. King v. State, 32 Ala.App. 134, 22 So.2d 448; Bringhurst v. State, 31 Ala. App. 608, 20 So.2d 885.

The other refused instructions are general affirmative charges which were requested in defendant's behalf.

We have responded to all questions which in our view merit any discussion.

It is ordered that the judgment in the court below be affirmed.

Affirmed.