47 So.2d 425

RESOLUTE FIRE INS. CO. v. O'REAR.

6 Div. 71.

Court of Appeals of Alabama.

June 27, 1950.

1. Ante, p. 144.

400

Chas. E. Tweedy, Jr., and Jas. L. Beech, Jr., of Jasper, for appellant.

Gilbert E. Johnston, of Birmingham, for appellee.

CARR, Judge.

In the court below the plaintiff recovered a judgment.

This is the second appeal of this cause of action. *Resolute Fire Ins. Co. v. O'Rear*, 34 Ala.App. 249, 38 So.2d 616.

This appeal was submitted on the merits only in this court on April 18, 1950. On April 29 the appellee filed a motion to dismiss the appeal. He complains in this manner of defects in the appellant's appeal bond. There is no merit in this belated motion. Title 7, § 806, Code 1940; Twinn

Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914.

Ike O'Rear, the appellee, purchased the automobile in question in 1945. At that time the Sanders Insurance Agency of Jasper, Alabama, was local agent for the Baltimore American Insurance Company. The local agency wrote a policy of insurance on the Baltimore American Insurance Company covering Mr. O'Rear's car. This policy was introduced in evidence and shows that it insured the automobile against loss for a term of one year, beginning January 1, 1946.

The Sanders agency also financed the unpaid balance on the purchase price of the car.

On June 19, 1946, C. K. Knox of Knox & Smith, the general agents of the Baltimore American Insurance Company, by letter, advised the Sanders Insurance Agency that all insurance policies issued by his principal through the Sanders Insurance Agency were to be cancelled on or before July 1, 1946. The letter contains the statement: "Return premiums should be allowed effective the date the Company is actually relieved of liability under each individual policy."

In reply these letters followed:

"Boston Insurance Company
Boston, Massachusetts
Sanders Insurance Agency, Agents
General Insurance
Tweedy Building
Jerome, Cowan & Mahone, Jasper, Alabama
Managers          June 20, 1946
Atlanta, Georgia
C. K. Knox
Birmingham, Alabama
Dear Sir:

I am in receipt of you (sic) letter of June 19, in regards to the insurance policy outstanding. We are and have been taking up every policy that we could that was outstanding in the Baltimore American. We will continue to do so.

As to the reinsuring with another company, all the outstanding which the Baltimore American has though (sic) this office, I do not know what to do as I have never been in this position before. If you have any suggestions to make, I would appreciate your advising me.
          Very truly yours,
          Sanders Ins. Agcy.
          Clayton Sanders"

"Boston Insurance Company
Boston, Massachusetts
Sanders Insurance Agency, Agents
General Insurance
Tweedy Building
Jerome, Cowan & Mahone, Jasper, Alabama
Managers          June 22, 1946
Atlanta, Georgia
C. K. Knox
Mobile, Ala.
Dear Sir:

"I am in receipt of your letter dated June 20, 1946 in regards to the automobile cancellation in the Baltimore American Insurance Company.

"I am taking this up with another company with regards to all outstanding insurance with the Baltimore American Ins. Co. Property fire, dwelling, and automobiles.

"I don't believe that I would be able to place reinsurance on the automobile alone. Is it my understanding that you only want the automobile policies cancelled and leave the fire insurance in force?
          Very truly yours,
          Sanders Ins. Agcy.
          Clayton Sanders"

"Boston Insurance Company
Boston, Massachusetts
Sanders Insurance Agency, Agents
General Insurance
Tweedy Building
Jerome, Cowan & Mahone, Jasper, Alabama
Managers
Atlanta, Georgia          July 25, 1946
C. K. Knox
Atlanta, Georgia

Dear Mr. Knox:          Re: Reinsurance of
                                    auto business
We have this day received a copy of the letter which was written to the Southern Accentance Corporation, Atlanta, Georgia, asking them to return all policies that they hold.

I have talked with one of the other company's special agent, and he said that he would try to make arrangements to reinsure all the business in the Baltimore American. Just as soon as I have received an answer from him, I will be able to give you a definite answer, just what steps will be taken.

> Very truly yours,
> Sanders Ins. Agcy.
> By: Vachel L. Posey"

On August 8, 1946, the Sanders Insurance Agency wrote the appellee as follows:

> "Sanders Insurance Agency
> Tweedy Building
> Jasper, Alabama
>
> August 8, 1946
>
> Ike O'Rear
> Jasper, Ala.
>
> Dear Sir:
>
> Please take notice and be advised; that the Baltimore American Insurance Company of New York has conaclled (sic) your Insurance Policy which covered the Auto which we financed for you. Cancellation effective August 3, 1946. This action was taken by the Company due to the fact that the losses were to an excess in our county and at the present time you have no insurance coverage on your automobile through this office.
>
> The Sanders Insurance Agency has always made all efforts towards giving the best of service possible to their patrons; however the prese (sic) condition is beyond our control. Therefore, we ask for your kind consideration and co-operation at this time in our efforts to be of greater service to you in the future. We solicit your carefulness at this time and assure you that we are making all possible efforts to re-insure your security.
>
> If you will drop by our office we will be very glad to discuss this matter with you and will try to explain the whole question to you.
>
> Yours respectfully,
> Sanders Ins. Agcy.
> Clayton Sanders"

After the receipt of this letter Mr. O'Rear had a conversation with Mr. Clayton Sanders of the firm of Sanders Insurance Agency. The substance of what was then said is delineated in our former opinion. After this conversation, Mr. O'Rear sustained the claimed damages to his car.

Over appellant's timely objections Mr. C. K. Knox was permitted to answer this question in the affirmative: "Was the policy cancelled?" Reference is here made to the indicated policy with the Baltimore American Insurance Company.

Insistence is made by grounds of objections and in brief of counsel that this called for an unauthorized conclusion of the witness.

■ Unquestionably a witness should not be permitted to state that a policy is cancelled and by the statement mean that as a matter of law there was a cancellation. We see no prohibition of allowing a general agent of an insurance company, who has knowledge of the facts relating to the cancellation, to state that a policy with his company has been cancelled, and mean by the assertion that so far as the mechanics and records of his company are concerned the policy is regarded as no longer in force and effect, and therefore from this point of view the contract has been cancelled.

■ But, a definite decision on this question aside, the authorities are committed to the view that it is not reversible error to allow a witness to state his conclusion in answer to a question, when the witness has already stated facts upon which his conclusion is based. Haas Bros. v. Craft, 9 Ala.App. 404, 64 So. 163.

■ Where a witness has testified without objections as to a matter inquired about, it is harmless error to overrule an objection to a similar question. Rutledge et al. v. Rowland, 161 Ala. 114, 49 So. 461.

Where evidence of a fact has been introduced in evidence without objections, it is not reversible error to permit the same fact to be subsequently shown over objections. Walling v. State, 15 Ala.App. 275, 73 So. 216.

We think that a fair analysis of the record leads to the conclusion that the above rules have purposeful application in the case at bar.

Mr. Clayton Sanders was interrogated by appellant's counsel with reference to the policy with the Baltimore American Insurance Company. The court sustained objections to questions seeking to ascertain from the witness whether or not this policy had ever been cancelled. Prior and subsequent to these rulings the witness, without objections, answered these questions in substance. To illustrate:

"Q. You told him (O'Rear) he was fully covered and he was covered in the Baltimore American? A. That is correct."

"Q. The only company you told him he was insured in was what? A. Baltimore American."

On cross-examination:

"Q. What insurance policy were you intending to dispose of his loss under? A. Baltimore American Insurance Company."

The witness testified with reference to the letter dated August 8, 1946, copied supra, as follows:

"A. I did not write the letter; somebody in the office wrote it and it was wrong.

"Q. Who wrote it? A. I don't know.

"Q. It was wrong? A. It was wrong; *it was not cancelled.*" (Emphasis ours.)

The rule prevails that it is error without injury to sustain an objection to a question which the witness has answered previously or answers subsequently. Moore-Handley Hdw. Co. v. Williams, 238 Ala. 189, 189 So. 757; Borden & Co. v. Vinegar Bend Lumber Co., 7 Ala.App. 335, 62 So. 254.

It appears that Mr. O'Rear first filed suit against the Baltimore American Insurance Company. Counsel for appellant argues that this company was very much interested in the successful prosecution of the case at bar. He states in brief:

"If the Baltimore American Insurance policy was still in force and effect, and if there was an oral policy of insurance as contended by the plaintiff, then the defendant Resolute Fire Insurance Company would only be liable for one-half of the loss."

The position is posed by assignments of error and brief of counsel that the trial judge by his rulings denied the appellant the right to establish this interest by attempted proof. The inquiries relate to these questions to which appellee's objections were sustained.

Mr. O'Rear testifying: "Q. You say Baltimore American has never paid or promised to pay anything. I will ask you whether or not you know if they have promised to pay this loss for you if they tried this case first?"

Mr. Knox testifying:

"Q. The Baltimore American Insurance Company is interested in the result of this case?"

"Q. Baltimore American Insurance Company is paying Mr. Mead's and Mr. Johnston's fee?"

It can hardly be said that the last two quotes are questions in form. They are, rather, statements of attorney. The court was authorized to sustain objections to each of these because of their argumentative tendencies.

The right to show interest or bias should not be unduly limited. However, the privilege should not be extended so as to bring into the evidence matters which have no tendency to prove interest or bias.

The questions should also be framed in such a manner as to indicate that the witness could have sufficient information and knowledge upon which to base an accurate reply.

There was much admitted evidence supporting the claim that the policy with the Baltimore American Insurance Company had not been cancelled.

The court in his oral charge stated: "It is for you to decide whether the Baltimore American Company policy was cancelled at the time of the collision in this case."

By a written charge the court instructed the jury in substance that if the Baltimore American policy was in effect at the time of the collision in no event would the defendant be liable for more than one-half

404

of the costs of repairs to the damaged automobile.

So the interest of the Baltimore American Insurance Company was made manifest by the evidence and instructions of the court.

■ Error is not presumed on review. The onus rests upon the appellant not only to show error, but that such error probably injuriously affected his substantial rights. Linton et al. v. Morton, 240 Ala. 563, 200 So. 614; London Assur. v. Hendon, 30 Ala.App. 175, 2 So.2d 917.

■ Judgments of the court below should not be reversed on the ground of improper rejections of evidence, unless the appellate court is of the opinion, after an examination and consideration of the entire record, that the error complained of probably injuriously affected the substantial rights of the appellant. Rules of Practice in Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

In consonance with these rules and taking into account also the nature and character of the questions to which objections were sustained, we hold that reversible error should not be here charged.

■ The exceptions to the oral charge are by reference only. They are not sufficiently specific to invite review. Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Royal Ins. Co. v. Story, 34 Ala.App. 363, 40 So.2d 719; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472.

On the review of the former appeal of this cause, we held that the defendant was not due the general affirmative charge. Because of a reversal of the judgment below, we did not elaborate on this holding. It is fitting now that we discuss the question.

■ Our authorities follow the general doctrine that a valid contract of insurance may be made by a parol contract if all the essential terms are agreed upon, and this without strict statutory formality controlling insurance policies. 12 Ala.Digest, Insurance, ☞ 131(1).

■ No insistence is made by appellant that this legal principle is not recognized by our courts, but it is urged that the evidence in the case at bar is not sufficient to support the claim of a parol agreement.

As a basis for our view to the contrary, reference is made to the delineated evidence which appears in the body of the opinion on the former appeal and that which we have set out hereinabove. So considered it is evidentially clear that a jury question was posed on the matter of instant concern.

■ It is urged that the verdict was excessive. Counsel states in brief:

"Then also if the Balitmore American Insurance policy was still in force at the time of this collision (and since no return premium had been paid to the plaintiff, and also since it was disputed as to whether or not it was actually cancelled otherwise) the most that this appellant could be liable for would be one-half of the repairs."

We will not go into a discussion of whether or not this assertion states a sound proposition of law. That is, as a condition precedent to a cancellation of an insurance policy, the unearned premium must be returned to the insured. There is a question of waiver that must be taken into account.

In the case at bar there is evidence to support the position that the unearned premium was credited by the Sanders Insurance Agency to the mortgage indebtedness it held against the appellee's car.

It was a jury question as to whether or not the appellant was liable for the full amount of the damages under the instruction of the court. We would be out of harmony with the authorities to disturb the verdict of the jury and the court's judgment thereon.

■ Assuming that it was required that the unearned premiums on the Baltimore American Insurance policy be returned to O'Rear as a condition precedent to the cancellation of the policy, to have given written charges X1 and X2 would have misled the jury. The instructions contain the hypothesis, if there was no unearned premium *returned to plaintiff*. The appellee contended that he got credit for the amount, but there is no evidence that the unearned premium was returned to him.

Trial courts may properly refuse written instructions which have a tendency to mislead or confuse the jury.

We pretermit a decision on whether or not these two charges were otherwise faulty.

We have responded to each question which is presented for our review.

It is ordered that the judgment of the court below be affirmed.

Affirmed.