·54 So.2d 82

## EUBANKS v. STATE.
### 6 Div. 75.

Court of Appeals of Alabama.
Aug. 28, 1951.

Norris & Soroka, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

PER CURIAM.

The accused was indicted and convicted for the offense of manslaughter in the second degree.

Without dispute in the evidence the automobile in which the appellant and Reuben Cates were riding collided with a passenger bus at an intersection of streets in the city of Birmingham. Cates was instantly killed and the defendant was injured, but not seriously.

The instant prosecution is based on the death of Cates.

The evidence for the State tended to show that the appellant, while intoxicated, drove the automobile into the intersection against a red light signal and collided with the passenger bus.

The defendant testified that he had consumed considerable amounts of wine and some whiskey at intervals during several hours just prior to the time of instant concern. He claimed that he suffered a total mental blackout just before he got in the automobile at the place he last stopped before proceeding to the point where the collision occurred. In other words, he claimed that he did not know who was driving the car as it journeyed several blocks down the street. According to his testimony his lapse of memory continued until some time after his riding companion was killed.

There are irreconcilable conflicts in the evidence in the aspects we have delineated.

■ In this state of the record we would be entirely out of line with the authorities to hold that the lower court was in error in denying appellant's motion for a new trial. The motion presents the only point of review to test the sufficiency of the evidence to sustain the judgment of conviction.

There were very few objections interposed during the examination of the witnesses. Only one of the rulings incident thereto merits our discussion.

The officers arrived at the scene promptly after the collision. Several photographic pictures were taken by one of them before

the wreckage was cleared and before the body of the deceased was moved.

Objections were interposed to the introduction of one of these pictures. The point was posed that the exhibit gives undue prominence to the body of the deceased and it was calculated to "arouse the horror and excite the jury."

Apparently this picture was taken while the photographer was standing at close range to the object. The other photographs, which were introduced without objection, depict the same situation but at different angles and range.

In the fairly recent case of McKee v. State, 253 Ala. 235, 44 So.2d 781, our Supreme Court discussed at length the doctrines relative to the introduction of photographs of the kind and character of the one of instant concern.

 This authority amply supports our view that the exhibit in question was allowed in evidence without error.

See also, Strickland v. Davis, 221 Ala. 247, 128 So. 233; Williams v. State, 255 Ala. 229, 51 So.2d 250; Maund v. State, 254 Ala. 452, 48 So.2d 553.

The case was tried with great care. The trial judge preserved the legal rights of the accused in every particular.

It is ordered that the judgment below be affirmed.

Affirmed.