71 So.2d 60

### JOHNSON v. KING.
#### 8 Div. 746.
Supreme Court of Alabama.

March 18, 1954.

498

Marion F. Lusk, Guntersville, for appellant.

Scruggs & Scruggs, Guntersville, for appellee.

LAWSON, Justice.

This is a suit under the homicide statute, § 123, Title 7, Code 1940, by appellant, as administrator of the estate of Martin A. Johnson, deceased, against appellee to recover damages for the alleged wrongful death of the intestate.

There were two counts in the complaint, one charging negligence, the other charging wantonness. To the negligence count the defendant pleaded the general issue and contributory negligence and to the count charging wantonness the defendant pleaded the general issue.

At the conclusion of the evidence, the trial court gave at the request of the defendant the general affirmative charge with hypothesis as to the wanton count. Under the negligence count and the pleas of the defendant issues of simple initial negligence and contributory negligence were submitted to the jury.

There was verdict for the defendant. Judgment was in accord with the verdict. Plaintiff's motion for a new trial having been overruled, he has appealed to this court.

It is urged that the court committed error in giving the general affirmative charge against plaintiff's count charging wantonness.

The evidence is without dispute that plaintiff's intestate died as a result of injuries which he received when hit by an automobile owned and driven by defendant. The accident occurred at about 5:30 p. m. on March 2, 1953, on the Guntersville-Arab public highway, four miles east of Arab. Defendant's automobile was being driven in a westerly direction toward Arab. As the automobile approached the deceased, it was moving at a speed of about forty miles an hour and immediately prior to the impact the automobile was being driven in the right-hand lane of the highway, that is, the northern lane. Plaintiff's intestate was hit when he was in the center of the highway. At the time of the impact the foot brake of the automobile had been pushed to the floor and the front wheels had been cut to the right. The automobile skidded and its left rear fender hit the deceased and knocked him to the pavement. After hitting the deceased, the automobile of defendant came to rest on the north shoulder of the highway at a place not far from the point of impact. Although the defendant had blown the horn on his automobile shortly prior to hitting the deceased, the evidence is to the effect that deceased did not look in the direction from which the automobile was coming, but the evidence shows that when the horn was sounded the deceased, who was walking, began to "trot" across the highway. Deceased lived on the south side of the highway and at the time of the accident he was in the act of crossing the highway to get to the home of his son, who lived on the north side at a point a short distance west of deceased's home.

The evidence shows that defendant was driving his automobile at a rate of speed in no wise suggestive of a reckless dis-

regard for the rights of pedestrians at the place where the accident took place. Plaintiff's intestate undertook to cross the road at a place not at a regular crossing. At best for plaintiff, the evidence shows that a very short time elapsed between defendant's discovery of deceased's peril and the collision. The evidence shows that plaintiff's intestate, who had been standing on the south side of the highway talking to a friend, did not make a move to cross the highway until defendant's automobile was close upon him. It is without conflict that defendant sounded his horn and put on brakes and tried to avoid hitting the deceased by turning the automobile onto the north shoulder of the road.

It may be that defendant's efforts were misdirected and that he might have pursued another course and thereby have missed deceased. These circumstances do not consist with the hypothesis that defendant, after discovering the deceased's peril, continued to drive his car with a reckless indifference to probable consequences. That inference cannot be fairly and reasonably drawn from the evidence and hence we hold there was no error in giving the general affirmative charge as to the wanton count. Salter v. Carlisle, 206 Ala. 163, 90 So. 283.

The defendant being entitled to the general affirmative charge as to the wanton count, the trial court correctly refused to give at the request of the plaintiff his requested written charges 1 and 2, which charges relate to wanton conduct.

It is insisted that the trial court erred in overruling the motion for new trial because the verdict of the jury and the judgment thereon were contrary to the great weight of the evidence. We see no reason to set out the evidence in more detail. It has been read with considerable care and we find it to be in conflict on the issues of simple initial negligence and contributory negligence, on which issues the case went to the jury. We think the evidence clearly made a case for the jury's decision on those issues and in our opinion

the verdict was well supported by the evidence. Certainly the preponderance of the evidence is not so decidedly against the verdict as to convince us it was wrong and unjust. Davis v. Radney, 251 Ala. 629, 38 So.2d 867, and cases cited.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.