133 So.2d 230

Major ROBINSON, as Adm'r,

v.

Willis C. MORRISON.

3 Div. 796.

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 21, 1961.

Knabe & Nachman, Montgomery, for appellant.

Thos. F. Parker and J. O. Sentell, Jr., Montgomery, for appellee.

LIVINGSTON, Chief Justice.

The appellant, Major Robinson, brought this action under Alabama's wrongful death statute, Title 7, Sec. 123, Code of Alabama 1940, seeking to recover punitive damages as administrator of the estate of Sallie Williams, deceased.

Sallie Williams was killed in a traffic accident which occurred on U. S. Highway 231 about three miles north of the city limits of Montgomery, Alabama, on April 20, 1956, at about 1:30 p. m. The highway is a divided one, and the southbound lane, scene of the occurrences leading to this suit, is about 23½ feet wide. The road is straight, and slightly downhill to the southbound traveler, and there are no obstructions to visibility. On the date, and at the time in question, a car driven by one James Gray was stopped on the left side of the left lane of the southbound lane, waiting to turn left and cross into the northbound lane. He was at a paved, regular crossover, and his car, already angled into the crossover, oc-cupied a space equal to one-half a car width, in the lane. Defendant Morrison was pro-ceeding south in the right lane of the "lane" at a speed of forty miles per hour, as he testified, or something less than fifty, as the motorist immediately behind him, witness Carter, testified. The deceased had left a store some distance from the west side of the highway and was standing on the right shoulder of the road, waiting to cross. There was no pedestrian crosswalk along this portion of the highway. Defendant and Carter testified that the deceased start-ed to walk, then to run, across the road in the direction of the vehicle driven by Gray. Defendant was in the right lane but cut sharply to the left to avoid hitting the de-ceased, barely missing the car operated by Gray. Whether she hit the car or the car hit her was a disputed question of fact at the trial. The impact of the collision knocked her skidding back to a prone posi-tion where she lay, on the pavement, her head a few inches from the edge thereof. She died instantly. Her right foot and eight inches of her leg were severed and carried along the highway by the automo-bile. Defendant contended that deceased struck the right side of the car. There was no evidence of a collision on the front of the car except that the glass from the park-ing light was missing. The frame of the parking light gave no indication that it had been touched. Dents appeared on the front fender and continued along the side of the car. The radio aerial was broken off. The front windshield was cracked, as was the small glass window in the right door. The rearview mirror was gone. A fragment of bone was found a few inches to the west of the center line of the lane in which the col-lision occurred. The location of this piece of bone, certain marks on the pavement leading to the body of deceased, and the position of the body prompted a highway patrolman, witness Gillespie, to conclude that the point of collision was at the center of the 23½ foot lane, or to the east of the center line. The exact point of impact was also a disputed question. Defendant and witness Carter testified that it was at or

near the center line. Plaintiff's witness Gray testified that he saw the defendant's car in his rearview mirror as it cut over to the left or inside lane, heard the impact, and thought his own car had been hit. Plaintiff's witness Molton, a sixty-seven year old Negro man who was sitting on a bench outside the store the deceased had just left, stated that the deceased had taken but a couple of steps into the road before she was struck, but admitted that he didn't see the car until he "heard the bump."

This suit was tried on two counts alleging simple negligence and a third charging wanton misconduct. At the close of the plaintiff's evidence, the court granted a motion to exclude the evidence as to the wanton count, and later charged the jury that they must find for the defendant on that count. The case went to the jury on the two counts for simple negligence. There was a verdict and judgment for defendant.

The first assignment of error which we will consider concerns the trial court's action in excluding the evidence as to the wanton count.

■ The granting of a motion to exclude evidence is never proper in Alabama. Nevertheless, if the party against whom it is granted has failed to make out a prima facie case, his cause is not injured or prejudiced by the impropriety of the action, and such does not provide a ground for the reversal of the case on appeal.

■ If there is a scintilla, "a mere 'gleam,' 'glimmer,' 'spark,' 'the least particle,' the 'smallest trace' " on each element of the cause of action, it must be allowed to go to the jury, and taking it from them by excluding evidence or directing their verdict constitutes reversible error. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190.

■ In ascertaining whether there is a scintilla of evidence on each element of the cause of action, the evidence for the plaintiff must be viewed in its most favorable light. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Jack Cole, Inc., v. Walker, 240 Ala. 683, 200 So. 768.

Smith v. Roland, 243 Ala. 400, 10 So.2d 367, 369, provides a correct statement of the nature of wanton misconduct when it quotes 5 Mayfield's Digest, § 6, p. 711, as follows:

> " 'Before one can be convicted of wantonness, the facts must show that he was conscious of his conduct and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, that with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. * * *' "

■■ We believe from the fact that defendant swerved his vehicle in an effort to avoid hitting the deceased effectively negates the hypothesis that he acted with a wanton disregard for the welfare of others. If, on the other hand, the testimony of Molton be accepted as fact, it would seem that in the short time it takes to make one or two steps, the operator of an automobile traveling forty or fifty miles per hour (58 to 73 feet per second) would lack the opportunity to develop a consciousness of existing conditions and formulate the reckless indifference which is an element of wantonness. Under either version of the facts, it cannot reasonably be inferred that defendant conducted himself with a disregard for the consequences of his acts amounting to wantonness. The learned trial court, therefore, did not err in granting the motion to exclude evidence relating to wanton misconduct, and the giving of the general charge as to the wanton count. See Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Johnson v. King, 260 Ala. 497, 71 So.2d 60; Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920.

■ Appellant next contends that reversible error was committed when the trial

court refused to admit proffered evidence of an implied admission. He desired to show that, after defendant had come back to the crossover and said, "I wouldn't have hit her for nothing in the world," witness Gray said to him, "You couldn't have missed her going as fast as you were," and the defendant did not reply.

The statement by Gray, taken alone, is hearsay and of no probative value. Such statements are sometimes admitted, where it is sought to be shown that the conduct of one hearing the statement is such that he is taken to have acquiesced to the truth of it. Kennedy v. State, 39 Ala.App. 676, 107 So. 2d 913, 917.

Four Wigmore on Evidence, 3rd Edition, § 1071, p. 70, says that the rule grew up that anything said in a party's presence was receivable against him as an admission, and that the effort of the courts was to dislodge the absolutism of the rule. He concludes with the following statement, quoted with approval in Kennedy v. State, supra:

"* * * It would seem to be better to rule at least that any statement made in the party's presence and hearing is receivable, *unless* he can show that he lacked either the opportunity or the motive to deny its correctness; thus placing upon the opponent of the evidence the burden of showing to the judge its impropriety. *But the burden is in practice generally left upon the proponent to show that the requisite conditions existed; * * *"* citing inter alia Raymond v. State, 154 Ala. 1, 45 So. 895. (Emphasis supplied.)

■ We agree with the correctness of the italicized statement, and approve of it in principle. Evidence of this variety is, at best, of doubtful value. The likelihood of a protestation is always balanced against the urge to avoid a fruitless disputation or the determination to refuse the accusation the credence of a reply. The ultimate test of the weight to be accorded evidence of implied admissions is, of course, adminis-

tered by the trier of the facts. The legal problem is: What must be shown, in the way of conditions and surroundings, in order to lay a proper predicate? In the instant case, the court refused to admit Gray's testimony of his own statement, commenting that it was that of a bystander and not a person involved. Upon this set of facts, we are unable to hold that the trial court committed reversible error in so ruling. There was no offer to show, in addition to his failure to reply, that the defendant's demeanor was one from which the jury could properly infer acquiescence. Certainly the proponent of evidence of an implied admission need not go so far as to establish the garrulous nature of the allegedly acquiescing party. But some predicate must be laid. Peck & Brother v. Ryan, 110 Ala. 336, 17 So. 733, 734, states:

"The rule for the introduction of admissions from silence, has been stated to be, 'that the statement must be heard and understood by the party to be affected by it; that the truth of the facts embraced in it, must be within his knowledge, and that the statement must be made under such circumstances, and by such persons as naturally call for a reply.' "

See also Perry v. Johnston et al., 59 Ala. 648.

A person's hearing and understanding being peculiarly difficult of proof, slight evidence bearing thereon would probably be sufficient to admit implied acquiescence in a statement. In the present instance, no facts making up a foundation were offered, and there was no error on the part of the court.

Conceivably, evidence of implied acquiescence in a damnatory statement could be the only evidence fixing fault on one accused of civil wrongdoing; certainly the courts can deny such a person an affirmative charge with a better conscience if such evidence is grounded upon a proper predicate.

Appellant contends the court erred to reversal in refusing to admit two photographs, made by a highway patrolman at the scene. The first of these is a close range photo of the mangled body of deceased as he found it. The other represents the same form, covered by a cloth—though none the less piteous and indelible—together with an expanse of the highway, the wheels of an ambulance and a stretcher. Plaintiff's Exhibit 10, which was admitted, is the same as the rejected closeup; except that it is taken from an angle which more clearly represents the position of the body with relation to the edge of the pavement. Plaintiff's Exhibit 5 has the same subject and approximately the same angle as the other rejected one. It was taken from a slightly greater distance from the body, and shows more of the ambulance and highway.

■ These photographs had a reasonable tendency to prove a material fact in issue, and could properly have been admitted. Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389; Eubanks v. State, 36 Ala.App. 208, 54 So.2d 82. Nor is it any objection to their admission that they were gruesome or revolting. McKee v. State, 253 Ala. 235, 44 So.2d 781, and cases cited therein.

■ Since, however, substantially identical photographs were admitted, the appellant had full benefit of these pictures, and it is impossible for this court to hold that his substantial rights were probably injuriously affected by the exclusion. Supreme Court Rule 45; Smith v. Tripp, 246 Ala. 421, 20 So.2d 870.

■ Appellant next contends that the court committed reversible error in its ruling that a highway patrolman could give his opinion as to the point of collision. Although this may not have been a subject requiring the testimony of an expert, and although there was not very much on which to base an opinion, it is well established in Alabama that it is not reversible error to permit a witness to state his conclusions or opinions when he had first detailed all the facts upon which they are based. Louisville & N. R. Co. v. Williams, 183 Ala. 138, 62 So. 679; Haas Bros. v. Craft, 9 Ala.App. 404, 64 So. 163; Davis v. State, 35 Ala.App. 312, 46 So.2d 242; Huffstutler v. Edge, 35 Ala.App. 276, 47 So.2d 191; Resolute Fire Ins. Co. v. O'Rear, 35 Ala.App. 398, 47 So.2d 425. The principle is applicable in the instant case.

Appellant next contends the court was in error in sustaining objections to questions propounded to witness Perry concerning the visibility of certain mailboxes from a point 1,019 feet up the highway from them.

■ The rule affecting admissibility of evidence of experiments made after the event at issue is that the conditions and circumstances of the test must be substantially similar to those existing at the time the litigated events occurred. Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334. The court must determine whether the conditions are sufficiently similar to justify admission of evidence of the experiment, and "much must be left to the sound discretion of the trial judge." Louisville & N. R. Co. v. Sullivan, 244 Ala. 485, 13 So.2d 877, 880; 32 C.J.S. Evidence § 590. The burden of showing a similarity of conditions is, of course, on the party proffering the results of the experiment as evidence. The testimony elicited showed a difference in time of day, weather conditions and season, and the experiment was that of a man standing while the issue was visibility while seated in an automobile.

Had the witness said, at this point in the trial, that conditions were substantially unchanged, as he did later, perhaps the evidence could have come in. When asked "Have you made similar observations at the hour of one-fifteen on a sun-lit day?" he frankly replied, "I couldn't be sure about that. I am sorry." With the evidence in this state, it was not error to exclude evidence of the experiment. A moment later, a photograph illustrating the visibility

**560**

sought to be established was admitted, but the question was not again asked.

■ Appellant alleges error in the following written charge, given at defendant's request:

"The Court charges you that if, after a consideration of all the evidence, the mind of any one or more of the jury is not reasonably satisfied that the plaintiff is entitled to recover, you cannot return a verdict in favor of the plaintiff."

The substance of this charge has been approved many times by this court. Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205, and cases cited therein; Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75; Nelson v. Lee, 249 Ala. 549, 32 So.2d 22. It is not subject to the objection that it "will be interpreted in precisely the same manner by the jury" as a so-called "state of 'doubt,' 'uncertainty,' or 'confusion' charge," of the sort condemned by the court in Allen v. Birmingham Southern R. Co., 210 Ala. 41, 97 So. 93, and Nelson v. Lee, supra.

■ Appellant assigns as error the giving of the following charge at the request of defendant:

"The Court charges you that unless you are reasonably satisfied from the evidence that the defendant has done some act for which he should be punished you cannot return a verdict in favor of the plaintiff."

As authority, appellant cites Patrick v. Mitchell, 242 Ala. 414, 6 So.2d 889. The charge in that case states that if the jury is reasonably satisfied that the defendants "should not be punished, then you cannot award the plaintiff any damages in this cause," and it was held to be properly refused because it was argumentative and misleading.

·The only case squarely in point in deciding whether such a charge, when given is error, is Randle v. Birmingham Railway,

Light & Power Co., 169 Ala. 314, 53 So. 918, 920, which holds:

"* * * The omission of the charge to contain definite directions and limitations for the assessment of punitive damages, rendered it misleading, but not reversible error, * * *"

We follow that holding in this case.

■ Appellant contends that error was committed in giving three charges at the request of defendant relative to plaintiff's contributory negligence, which fail to hypothesize that the plaintiff's negligence must proximately contribute to her injuries. It is well settled that giving such a charge is reversible error, and that the error is not cured either by correct, written charges requested by the litigants (unless specifically requested to correct the erroneous ones) or by the oral charge. Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821; Terry v. Nelms, 256 Ala. 291, 54 So.2d 282.

■ There is, however, an exception to this rule, where the defendants might properly have obtained the affirmative charge. Where, as a matter of law, the plaintiff was negligent, and this negligence continued up to the point of her injuries and proximately contributed thereto, as a matter of law, then there is no error in failure to hypothesize the proximate causation in the charge. Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 57. This Court, through Justice Knight, there said:

"The conclusion, upon a most careful consideration of the evidence, is unescapable that the plaintiff was guilty of the grossest negligence in attempting to pass through the intersection immediately in front of the approaching truck, which confessedly had the right of way, and this negligence on his part proximately contributed to his injury. And, further, the conclusion is unescapable that this contributory negligence on the part of the plaintiff continued to the instant of

time that the collision occurred, and that the truck driver was guilty of no subsequent negligence."

We hold that no substantial rights of the plaintiff were injuriously affected by giving these charges.

Assignments of error 19 through 37, inclusive, are predicated upon the trial court's action in giving, at the written request of defendant, Charges 13, 14, 15, 16, 17, 18, 21, 22, 23, 25, 26, 28, 29, 32 and 33.

Assignments of error numbered 19, 20, 21, 22 and 25 are not argued in brief and are, therefore, waived.

It would unduly prolong this opinion to discuss, separately, these 15 assignments of error, all based on written charges given for the defendant. We have carefully examined these charges in conference and are clear to the conclusion that no reversible error intervened with reference to them.

We find no error in the record and the case is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.

On Application for Rehearing

LIVINGSTON, Chief Justice.

The appellant, after submission of the cause here, filed an ex parte motion, supported by an affidavit, to have this Court order a new trial of this cause in the Circuit Court of Montgomery County, Alabama, from which the case came. This motion was based on alleged newly discovered evidence after submission of the cause here.

We did not take notice of the motion on original deliverance. The appellant asked us on rehearing to rule on its said motion.

Appeals are purely statutory and the jurisdiction and power of the court on appeal are controlled by statute. Title 7, Sec. 744 et seq., and Sec. 754, Code of 1940; Lindsey v. Barton, 260 Ala. 419, 70 So.2d 663; Ex parte Jonas, 186 Ala. 567, 64 So. 960. Pending decision of the appeal, there is no authority for this Court to inquire into a claim of newly discovered evidence when the record on appeal discloses no action on that claim by the trial court with the attendant effort to review such ruling. Therefore, the ex parte motion, together with the supporting statement, is not subject to consideration on this appeal, the Court being bound by the record and the evidence aliunde or matter dehors the record not being subject to consideration. And after an appeal has been taken, the trial court has no power to entertain a motion for a new trial or rehearing under Title 13, Sec. 119, or Title 7, Sec. 279, Code of 1940, except as it may be affected by the specific grant in criminal cases by Title 15, §§ 368 and 382 of the Code.

The application for rehearing is overruled.

LAWSON, STAKELY and MERRILL, JJ., concur.