Appellees-Plaintiffs filed suit in the Circuit Court of Montgomery County, Alabama, on June 20, 1979, seeking damages for alleged willful misrepresentation, reckless misrepresentation, concealment and breach of contract concerning the condition of a crankshaft and extent of a warranty on a truck sold them by Appellants. The case was tried to a jury which, on February 16, 1980, returned an award of $1,710 compensatory damages and $10,000 punitive damages for the Plaintiffs. From a judgment entered thereon, following a denial of a motion for a new trial, Defendants appeal. We affirm.
The Appellants herein are Carroll Kenworth Truck Sales, Inc., a Kenworth truck dealer in Montgomery, Alabama, and James McCann, a salesman employed by Carroll Kenworth Truck Sales, Inc. The Appellees are Alonza Leach, Alphonso Leach, Calvin Leach and Ada Leach, of Anniston Alabama. Alphonso and Alonza are the sons of Calvin and Ada Leach, and are owners/operators of large transport trucks which they lease to Malone Freight Lines of Birmingham for hauling freight.
For several months during May through July of 1978, one or more of the Leaches negotiated with James McCann for the purchase of a 1974 Kenworth truck that Carroll Kenworth had taken as a trade-in. Difficulties in obtaining financing necessitated that the loan application for the vehicle be taken in the names of Ada and Calvin Leach.
All negotiations were predicated on an overhaul of the engine as well as some other minor repairs by Carroll Kenworth. The crankshaft, in particular, was pulled, inspected by a mechanic and sent to Schiffer Engine and Machine Company of Selma, Alabama, to be polished and magnafluxed. (Magnaflux is a testing device wherein a metal part is given an electrostatic charge and examined in a manner which reveals cracks not visible to the naked eye.)
James McCann advised the Leaches that the truck would be covered by the usual Carroll Kenworth 30-day warranty, which provided that any repairs necessary during that time would be made by Carroll Kenworth at its shop in Montgomery on a 50/50 basis. Carroll Kenworth would bear 50 per cent of any such repair costs and the Leaches 50 per cent. Also, despite McCann's contentions that he never mentioned what specific parts would be encompassed under an additional Cummins Corporation Warranty, the Leaches testified that he specifically stated that the warranty covered any crankshaft repairs.
Within the first month after delivery, the crankshaft broke when the truck was some 20 miles out of Port Chester, New York. Thereafter, the Leaches learned for the first time that the crankshaft was not covered by the Cummins warranty. The record evidences that the Leaches expended $260 for bus fare from New York, $50 for telephone charges, and $1,400 for repairs to the vehicle.
 I. Substantial Weight of the Evidence
While Appellants raise numerous issues for consideration on this appeal, the central issue presented is premised upon allegations that the jury's findings of actionable misrepresentations against the Appellants, as well as its award of punitive damages, were *Page 1046 
unsupported by the substantial weight of the evidence. We cannot agree.
We begin our analysis by noting that jury verdicts carry with them a presumption of correctness, such presumption being strengthened when a motion for a new trial is denied by the trial court. Walker v. Cardwell, 348 So.2d 1049 (Ala. 1977);Neil Huffman Volkswagen Corp. v. Ridolphi, 378 So.2d 700 (Ala. 1979); Hodges Company v. Albrecht, 288 Ala. 281, 285-86,259 So. 829, 832 (1972).
Appellants have labored long and arduously in an effort to bolster their contentions that the strength of the evidence before the jury was not "of a magnitude to facilitate" its verdict. However, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. See 2A Ala. Digest,Appeal and Error, 303 (1955); Johnson v. King, 260 Ala. 497,71 So.2d 60 (1954). Consequently, we refuse to set aside the trial judge's denial of Appellant's motion for a new trial based upon the insufficiency of the evidence of record to support the jury verdict.
As to the issue of punitive damages, we are unpersuaded by Appellant's contentions of excessiveness in amount. Punitive damages need not correlate to actual damages. Neil HuffmanVolkswagen Corp., supra; Ray Hughes Chevrolet, Inc. v. Gordon,294 Ala. 638, 320 So.2d 652 (1975); Foster v. Floyd, 276 Ala. 428, 163 So.2d 213 (1964).
The only question regarding excessiveness is whether the judicial conscience is quickened by the verdict. Foster, supra.
If the strongest tendencies of the Plaintiff evidence were believed by the jury, such evidence clearly would support a finding of intentional reprehensible conduct and an award of $10,000 is well within the bounds of reason as punishment therefor. Ray Hughes Chevrolet, supra.
 II. Remarks of Appellees' Counsel in Closing Argument
Lastly, Appellants point to closing remarks before the jury by counsel for the Appellees, which they deem grossly unfair and prejudicial. We find no merit in this contention. During his closing remarks, counsel for the Leaches said: "This isn't the first time folks have asked for and gotten large punitive damages. Right here in Montgomery County it has happened very recently."
Counsel for Appellants timely objected; the objection was sustained; and the court instructed the jury to disregard the remarks. Assuming, without deciding, impropriety on the part of counsel in making the comments objected, to, we find no reversible error because Appellants received what they asked for. No further request was made and no adverse ruling was invoked. Calloway v. Lemley, 382 So.2d 540 (Ala. 1980); AlabamaGreat Southern Railroad Co. v. Gambrell, 262 Ala. 290,78 So.2d 619 (1955). Therefore, Appellants cannot now be heard to complain of trial court impropriety.
Because the cross appeal is expressly predicated upon the condition "that . . . this court reverse and remand this case based upon the appeal," the cross appeal is rendered moot by this Court's affirmance of the judgment upon which the appeal is based.
AFFIRMED AS TO THE APPEAL AND THE CROSS APPEAL.
ALMON, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result. *Page 1047