# McLaughlin *v.* Beyer.

(Three Cases.)

*Libel and Slander.*

(Decided January 23, 1913.   Rehearing denied February 14, 1913. 61 South. 62.)

1. *Judgment; Amendment; Time.*—The motion to correct a judgment and to set it aside must be made within the time during which the trial court has control of the judgment, unless it is a motion for a judgment nunc pro tunc which may be made at any time; in this case, the motion not having been made to correct the judgment and to set it aside within thirty days as required by the Local Statutes, and until after the term of the court had expired, both motions were properly denied.

2. *Appeal and Error; Effect of Appeal on Judgment of Lower Court.*—Where a party has perfected an appeal and has superseded the execution of a judgment in the trial court, the trial court loses all jurisdiction and control over said judgment and cannot after that time either correct the judgment or set it aside.

3. *Same; Record; Questions Presented.*—This court will not review on appeal the summons and complaint issued in a previous suit where it is not made to appear how such summons and complaint could be used to contradict the testimony of the plaintiff as a witness, for which purpose alone it was offered.

4. *Abatement and Revival; Another Action Pending; Dismissal.*—The fact that an action had been dismissed is a complete answer to a plea in abatement on the ground of the pendency of such other action.

5. *Same; Evidence.*—A plea in abatement of the pendency of another action, is not good unless the parties are the same, and where the parties are different the duty is on the pleader to show the identity of the parties.

6. *Judgment; Res Judicata; Final Judgment.*—Where the minute entry of the judgment showed that the judge intended to enter a final judgment on the merits, as the statute gave him the right to do, but the judgment itself was simply one of dismissal for plaintiff's failure to answer interrogatories, and taxing the cost against plaintiff, there was no final judgment which could be pleaded as res judicata, since to support a plea of res judicata, a judgment must be final and on the merits.

[McLaughlin v. Beyer.]

7. *Limitation of Action; Infancy; Dereliction of Next Friend.*— Where an infant brings an action by next friend and the action is dismissed for failure to answer interrogatories, the infant is not barred by the statute of limitations of one year on account of such dereliction on the part of such next friend, as section 4846, Code 1907, allows an infant three years after reaching majority within which to bring an action.

8. *Trial; Objections to Testimony; Motion to Exclude.*—Where no objection was made to a question to which there was a responsive answer, the court will not grant the other party a motion to exclude it.

9. *Witnesses; Contradictions; Interrogatories in Another Suit.*— Where a defendant failed to comply with an offer of the court to permit in evidence the answer to one of the interrogatories propounded to an infant plaintiff, if he would show that it was signed by plaintiff, and contradicted her present testimony, the court could properly exclude the interrogatories offered by defendant and taken in another suit for the purpose of contradicting plaintiff.

10. *Charge of Court; Mistrial.*—Since a mistrial might be the result of such a situation, a charge asserting that the verdict should be for the defendant if any juror did not believe plaintiff's evidence to be reasonable, was properly refused.

11. *Same; Argumentative.*—A charge that an accusation of slander is easy to be brought and hard to defend, though the defendant be innocent, was properly refused as argumentative.

12. *Same; Misleading.*—A charge that witnesses are separated so as to ascertain whether the facts as related by the witnesses are true, and if the jury believe their statements are materially variant, they are authorized to reject all of such evidence, was misleading if not positively erroneous.

13. *Same; Misleading and Argumentative.*—A charge asserting that each party is entitled to the independent judgment of each juror, and unless all of the jury are reasonably satisfied of the truthfulness of the witnesses for plaintiff, they must find for defendant, is misleading and argumentative.

14. *Same; Effect of Evidence.*—The court is not required to instruct the jury that there is or is not any evidence of a particular fact.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Rosa Beyer, by her next friend, against Lizzie N. McLaughlin. Judgment for plaintiff, and defendant appeals from the judgment, and also from orders refusing to amend and to set aside the judgment. Affirmed.

See, also, 58 South. 1037.

[McLaughlin v. Beyer.]

The plea in abatement is as follows: "Comes defend-ant in the above-entitled cause, and for plea in abate-ment of the said complaint sets down and says: That at the time of the suing out of such complaint herein, and of the commencement of this action against the defend-ant, there was pending against this defendant a former suit by substantially the same party for substantially the same cause of action, that is to say, at the said time, there was pending in the city court of Birmingham in Jefferson county, state of Alabama, cause No. 26,217 of Clara Beyer et al. against this defendant, action for libel and slander, as therein set out, as by the record thereof remaining in the said court appears, which said suit is between substantially the same parties and for substan-tially the same cause of action as therein shown, and is still pending and undetermined therein, and this the de-fendant is ready to verify." Motion to dismiss was made on the grounds set out in the plea above, for the reason that it is shown that on January 16, 1912, the cause set out in said plea was dismissed out of this court, and plaintiff has not paid the costs of said former suit. An-other plea in abatement was filed setting up the same state of facts as set out in the plea above, but substitut-ing for Clara Beyer, Rosa Beyer, by next friend, and for the number 26,217, the number 23,617, and alleging additionally that said suit was heard on January 24, 1912, and determined in favor of this defendant by the city court wherein it was tried. The exhibits show that, on motion to dismiss, the court entered a judgment of dismissal because of the failure of the plaintiff to answer interrogatories filed by the defendant. The defendant de-murred for the reasons noted in the opinion.

The following charges were refused to the defendant: (13) "The court charges the jury that, in considering the weight of the evidence in this case, they may look at

the character of the evidence, and the reasonableness of it taken in connection with the surrounding facts in the testimony before them, and, if any of the jury does not believe the evidence in behalf of the plaintiff to be reasonable, they must find their verdict for the defendant." (15) "The court charges the jury that an accusation of slander is easy to be brought and hard to be defended against, though the defendant be ever so innocent." (16) "The court charges the jury that the object of the law in separating witnesses so that they cannot hear each other testify is to ascertain whether or not the facts as related by the witnesses are true, and, if the jury believe that the statements of the witnesses are materially variant from each other, then they are authorized to reject all of such evidence in making up their finding." (17) "The court charges the jury that each of the parties to this cause is entitled to the independent judgment of each of the jurors as to the fact and truthfulness of the facts in evidence before them, and unless all of the jury are reasonably satisfied of the truthfulness of the witnesses for the plaintiff, as to proving the allegations of the complaint, they must find their verdict for the defendant." (20) "The court charges the jury that there is no evidence before them as to the special damages claimed by the defendant in her complaint, and that as to such they must find their verdict for the defendant." (22) "The court charges the jury that when the plaintiff alleges such damages she assumes the burden of proving such damages, and that she has not proved to the jury any special damages in this case, and that they must find for the defendant as to any special damages claimed by plaintiff."

STERLING A. WOOD, and CLEMENT R. WOOD, for appellant. The plea in abatement was proper, and the court

[McLaughlin v. Beyer.]

was in error in its actions thereon.—Sec. 5330, Code 1907; 1 Enc. P. & P. 31; 21 N. Y. 399; *Karthaus v. N. C. & St. L.,* 140 Ala. 433; *Liverpool I. Co. v. Tillis,* 110 Ala. 201; *Eagle I. Co. v. Malone,* 149 Ala. 436; *Eagle I. Co. v. Baugh,* 147 Ala. 613. Under these authorities, the judge erred in passing upon the facts raised by such plea, and should have submitted that issue to the jury to be determined prior to the trial on the merits.—*S. S. S. & I. Co. v. Milbra,* 55 South. 890; *Gravett v. Allen G. Co.,* 56 South. 17. The statute of limitation applies since the infant had already begun suit which had been dismissed. —18 Ala. 338; 38 Ala. 310; 81 Ala. 238; 84 Ala. 563; 132 Ala. 64; 85 Ala. 169; 127 Ala. 577; Secs. 4840 and 2476, Code 1907. The plea of res judicata was good, and the court erred in not so holding; as a dismissal for want of prosecution, or for failure to answer interrogatories is a dismissal on the merits.—122 Ala. 555; 128. Ala. 483; 147 Ala. 425; 9 Enc. P. & P. 614; 127 Ala. 260; 17 U. S. 317; 7 Wall. 107.

HARSH, BEDDOW & FITTS, and W. W. WHITTAKER, for appellee. Many reasons prevented the granting of the motion to correct the judgment and to set it aside, first, because the motion was not made within thirty days after judgment; next, it was not made until after the term of the court had expired, and lastly, an appeal had been perfected and the execution of the judgment superseded. —*Schwartz v. Oppenheimer,* 90 Ala. 463; *Bridges v. T. C. & I.,* 57 South. 883. The attempt here is not to amend nunc pro tunc.—103 Ala. 197; 72 Ala. 22. The question of the statute of limitations cannot enter as it appears that the present plaintiff was not 21 years old when this suit was brought, and hence, she is protected by section 4846, Code 1907.—*Collins v. Gillespie,* 148 Ala. 558; 97 Am. St. Rep. 993; 53 N. W. 1053; 25 Cyc. 1264; *Lee v.*

*Wood,* 85 Ala. 169. There is nothing in the plea of res judicata.—2 S. & P. 322; *Wise v. Faulkner,* 45 Ala. 471; *Beadle v. Graham,* 66 Ala. 99; 109 U. S. 121; 49 Am. Dec. 119; 14 Cyc. 454; 23 Cyc. 1131; 4 Wall. 237; 8 South. 1; *McCall v. Jones,* 72 Ala. 371; *Perkins v. Moore,* 16 Ala. 9. The court properly disposed of the pleas in abatement.—*Pruitt v. Williams,* 156 Ala. 352; *Couch v. Davidson,* 109 Ala. 321; *Anniston Co. v. So. Ry. Co.,* 145 Ala. 351; *Pearce v. Clemmons,* 73 Ala. 256; 40 Am. St. Rep. 57. The parties are not the same, and it is on defendant to establish identity of parties.—*Foster v. Napier,* 73 Ala. 604; 112 Ala. 654; 26 Ala. 720.

MAYFIELD, J.—These three causes by agreement are submitted as one cause. Appeals Nos. 529 and 530 are supplemental to appeal No. 531. No. 529 is an appeal from an order declining to amend a judgment by striking out a phrase thereof, "is not well taken in law and." No. 530 is an appeal from an order or judgment declining to set aside the judgment in the main case on the ground that the judge trying the case was related to the attorney for plaintiff within the prohibited degree.

We do not think there is any reversible error as to either of the two subsidiary appeals.

No motion was made in the lower court to correct the judgment or to set it aside, until long after the 30 days during which the trial court, under the local statute, had control over the judgment, had expired. This alone would have prevented the trial court from granting either of the motions. Not only this, but the term of the court had expired, which would have prevented the court from granting either motion under the general statutes. They were not motions to amend the judgment nunc pro tunc—which the court can do at any time and without notice to the opposite party.

[McLaughlin v. Beyer.]

Moreover, the motions were not made until after the movant had perfected an appeal to this court, and had superseded the execution of the judgment which she had sought to have set aside. Thus, appellant, by her own act, had removed the case wholly and absolutely from the trial court into this court. The effect of this appeal was to cause the trial court to lose all jurisdiction and control of the case pending the appeal to this court. The inferior court must, in such a case, of necessity, yield to the superior jurisdiction. The case cannot be pending in both courts at the same time. The loss of jurisdiction in the lower court is so complete as to require either party who seeks relief from any error, except a few, not necessary here to mention—to apply to the higher court. This is clearly but just and right so far as the appellant is concerned. She, having taken her appeal to this court, ought not to be allowed to still proceed in the lower court, and, so, pursue two remedies at the same time. The following authorities are conclusive on this subject: Elliott on Appellate Procedure, 541 et seq.; *Allen v. Allen,* 80 Ala. 154; *Boynton v. Foster,* 7 Metc. (Mass.) 415; *Ensminger v. Powers,* 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732; *Mitchel v. United States,* 9 Pet. (U. S.) 711, 9 L. Ed. 283; *Keyser v. Farr,* 105 U. S. 265, 26 L. Ed. 1025; *Coates Bros. v. Wilkes,* 94 N. C. 174; *Stewart v. Stringer,* 41 Mo. 400, 97 Am. Dec. 278.

We do not think there was any reversible error in the rulings or judgments of the trial court as to the plea of abatement, of pending suit, or as to the plea in bar, of res judicata.

As to the first, it is sufficient to say that no evidence was offered in support of the plea to carry the question to the jury. The plea set up matter of record, and the proof offered in its support neither showed nor

[McLaughlin v. Beyer.]

tended to show a pending suit between the same parties, as to the same cause of action, as alleged in the plea. One record, that as to the action between the same parties, showed that the case was not pending when the plea was filed, nor at the time of the trial, but had been dismissed and was not then a pending action between the parties, as alleged. As to the other record, it is sufficient to say that this record was not of any action between the parties to the action in which the plea was interposed, but was an action against the defendant, brought by another and different party, to-wit, Clara Beyer; and no evidence was offered to show that Clara Beyer and this plaintiff, Rosa Beyer, were one and the same person suing in different names. So there was no sufficient evidence to carry this question to the jury, and hence the court did the correct thing to enter a judgment for the plaintiff on this plea of abatement.

As to the plea in bar of res judicata, we think it was insufficient, and that the demurrer was properly sustained thereto. The plea did not set up a final judgment on the merits, or one tantamount thereto in effect. It may be that the trial court could have entered, and intended to enter, a final judgment against this plaintiff, in the former suit between these parties; but the record fails to show such judgment and at best shows only one of dismissal for failure to answer interrogatories.

Judging from expressions and phrases used in the statute and in the judgment entry, the trial court was of the opinion that judgment final against the plaintiff, or in favor of the defendant, could and ought to be entered, for the failure of plaintiff to answer the interrogatories; but the record fails to show that the court entered such judgment, but only dismissed the pending action and awarded judgment against the plaintiff and in favor of the defendant for the costs of that suit.

We do not think that the language used in this judg-
ment entry in question is efficacious to make the judg-
ment entry a final one on the merits, or one which would
or should have been rendered if there had been a trial on
the merits, and the plaintiff had offered no evidence.
While the judgment entry does recite so much of the
statute, and refers to it as the authority, it does not con-
stitute a final judgment, but, instead thereof, after recit-
ing this part of the statute, proceeds to formulate a judg-
ment of dismissal only.

If the statute in question had provided that judgment
of *nonsuit* or of dismissal, in such cases, should have the
force and effect of a final judgment on the merits, the
question would be different; but the statute does not so
provide, as does rule 28 of chancery practice, Code, vol.
2, p. 1537. It only authorizes the court to enter up the
different kinds of judgments specified in the statute, as
the merits of the particular case in the judgment of the
court warrant.

The court could have taxed the plaintiff with a part
only, or with all of the costs, and have entered judgment
accordingly; but this it did not do, but entered a judg-
ment of dismissal.

The court could, under the statute in question, have
entered such judgment as would have been appropriate
if there had been a trial on the merits and the plaintiff
had offered no evidence. This, however, the court did not
do, but, after reciting this part of the statute, proceeded
to enter up a judgment of dismissal, which we do not
think is a final judgment or one that can be availing to
support a plea of res judicata.

Courts cannot look to recitals in minute entries to
change a judgment of dismissal to one final, or one such
as would be appropriate if no evidence was offered. Re-
citals in minute entries, such as those found in the entry

in question, may be likened, in some respects, though not in all, to docket entries made by the trial judge, which are, as has been frequently said by this court, "merely docket memoranda of the presiding judge, intended, and operating, only as directions to the clerk as to what judgment should be entered on the records of the court," etc. —*Morgan v. Flexner,* 105 Ala. 356, 16 South. 716; *Brightman v. Meriwether,* 121 Ala. 602, 25 South. 994; *Baker v. Swift & Son,* 87 Ala. 530, 6 South. 153; *Wynn v. McCraney,* 156 Ala. 633, 634, 46 South. 854.

As before stated, in this case the trouble is that the judgment was not entered up which the recitals seem to indicate was intended to be entered, but a different judgment—one of dismissal.

It is so well settled that a judgment, to support a plea of res judicata, must be final and must be rendered on the merits, and must not be merely a judgment of nonsuit or dismissal, that we deem it unnecessary to cite the authorities in support of the proposition. Sometimes a statute or a rule of practice provides that judgments of this character, such as judgments of dismissal, or two nonsuits, shall have the force and effect of a judgment final on the merits; but it requires such express statute or rule to make such judgments availing as res judicata.

As we have shown, the statute in question does not so provide. It authorizes the rendition of a judgment final; but, as we have shown, no such judgment was rendered, but only one of dismissal.

This court has been very much divided on the effect of judgments discharging garnishees on failure to contest their answers, which line of cases is relied upon by counsel for appellant; but that question is not raised on this appeal.

The question presented to us is not, what judgment ought to have, or could have been entered, but what judgment was in law entered.

[McLaughlin v. Beyer.]

We do not think the plea of the statute of limitations of one year was availing as a defense to this action. The plaintiff was clearly within the protection of section 4846 of the Code, which allows infants three years after becoming of age, as the period by law for the bringing of the action. The record shows that she was yet an infant when this action was brought. We do not think that she was barred by the act of her next friend in instituting a former suit within the period, which he allowed to be dismissed on account of his failure to answer interrogatories propounded to the plaintiff. The neglect or dereliction of a next friend, in the prosecution of a suit or in allowing a dismissal thereof, ought not to be allowed to prejudice the rights or remedies of the infant, and such seems to be the weight of the authority on the subject.—*Collins v. Gillespy,* 148 Ala. 558, 41 South. 930, 121 Am. St. Rep. 81; 25 Cyc. 1264; *Tucker v. Wilson,* 68 Miss. 693, 9 South. 898. He has no power or authority to settle or compromise the suit, and, if he cannot do this, surely his allowing the suit to be dismissed ought not to bar his right of action which he otherwise would have had.—*Isaacs v. Boyd,* 5 Port. 388; *Edsall v. Vandemark,* 39 Barb. (N. Y.) 589.

In the case of *Tucker v. Wilson, supra,* it is in effect said that a suit by minors, by next friend, is not abated by the death of the next friend, and that suits brought by such minors, which were dismissed, did not bar another action brought by them as to the same subject-matter.

We can see no error in the court's ruling in declining to exclude the answer of plaintiff, as a witness, to questions propounded to her by her attorney, on the trial. No objection was interposed to the question, and the answer was responsive and, so far as we can see, was pertinent to the inquiry; and, if not, the defendant cannot be al-

[McLaughlin v. Beyer.]

lowed to speculate as to what the answer will be and, if unfavorable, then move to exclude it.

It is not made to appear how the summons and complaint in another suit by plaintiff could be used to contradict the plaintiff as a witness on this trial, and this is the only purpose for which it was offered. As to the answer of plaintiff to interrogatories propounded to her in that suit, which were offered for the same purpose, the court offered to allow the answer to one of the interrogatories to be introduced if counsel would show that the answer was signed by plantiff, and that it differed from her statement as a witness on the stand on this trial. This offer not being complied with, we do not think the trial court erred in declining to allow the answers to be introduced in evidence.

Charge 13 was properly refused. It requested a verdict for defendant if any juror did not believe plaintiff's evidence to be reasonable. A mistrial might be the result of such belief on the part of any one of the jurors.

Charge 15 was a mere argument. Charge 16 possessed misleading tendencies, if it was not otherwise bad. Charge 17 was argumentative, and possessed misleading tendencies.

Charges 20 and 22 were properly refused.

We cannot agree with counsel for defendant that there was no evidence of special damages in this case. This was certainly a question for the jury. Moreover, we have repeatedly ruled that a court is not required to charge the jury that there is no evidence of a given fact.

Finding no reversible errors, the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.