297 So.2d 370

Thomas (Tom) WALKER, Jr., an Individual, etc.

v.

ALABAMA PUBLIC SERVICE COMMISSION et al.

SC 672.

Supreme Court of Alabama.

July 11, 1974.

J. Moody Purser, Jr., Montevallo, for appellant.

Carl L. Evans, Ronald L. Stichweh, Truman Hobbs, Montgomery, for appellee, Alabama Public Service Commission.

Balch, Bingham, Baker, Hawthorne, Williams & Ward and Rodney O. Mundy, Birmingham, and Steiner, Crum & Baker and Walter R. Byars, Montgomery, for appellee Alabama Power Co.

MERRILL, Justice.

This appeal is from a judgment of the Circuit Court of Montgomery County granting a motion to dismiss filed by the Alabama Public Service Commission (hereinafter called the Commission), and denying appellant's petition for writ of mandamus directing the Commission to grant a rehearing of the "Matter of: Alabama Power Company—Docket No. 16571," which matter had been appealed to the circuit court; and granting the petition of Alabama Power to intervene as a defendant in this proceeding.

On December 13, 1972, the Commission issued its final order in its Docket No. 16571 granting in part a requested rate increase of the Alabama Power Company.

On January 3, 1973, certain intervenors in that proceeding filed notice of appeal from the Commission's order. Pursuant to Tit. 48, § 83 of the Alabama Code, the Commission thereupon on January 6, 1973, certified and delivered the record in its Docket No. 16571 to the Circuit Court of Montgomery County.

Appellant filed its application for rehearing with the Commission on January

24, 1973, Alabama Power filed a motion to strike the application, and one of the grounds was that the Commission was without jurisdiction to rehear the proceeding in Docket No. 16571 because that proceeding had been appealed to the circuit court and was before that court and not the Commission.

After a hearing, the Commission, on April 27, 1973, denied the application for rehearing on the ground that the matter was before the circuit court on appeal.

Appellant's motion to set aside this order was denied by the Commission and appellant filed his petition for mandamus. The Commission filed a motion to dismiss and Alabama Power filed a motion to intervene and a motion to dismiss. After a hearing, the trial court entered the judgment noted in the first paragraph of this opinion.

Appellant assigns as error both features of the judgment.

### Intervention

Rule 24, Alabama Rules of Civil Procedure, provides in pertinent part:

"(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Docket No. 16571 had to do with rates Alabama Power could charge. The Commission had made a decision and that decision had been appealed to the circuit court. Alabama Power not only claimed but had "an interest relating to the * * * transaction which is the subject of the action" and was "so situated that the disposition of the action may as a practical matter impair or impede his [its] ability to protect that interest, * * *."

Alabama Power was entitled to intervene under Rule 24(a).

### Jurisdiction of the Commission

Appellant contends that the Commission had jurisdiction to hear his application for rehearing under the provisions of Tit. 48, § 76, Code 1940, which reads:

"At any time after an order has been made by the commission, any person interested therein may apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing within sixty days after the said application therefor has been filed, and such rehearing shall be subject to such rules as the commission may prescribe. Application for such a rehearing shall not excuse any utility or person from complying with or obeying an order of the commission, or operate in any manner to stay or postpone the enforcement thereof except as the commission may by order direct.

Any order of the commission made after such rehearing shall have the same force and effect as an original order, but shall not affect any right, or the enforcement of any right, arising from or by virtue of compliance with the original order prior to the order made after rehearing."

Appellant argues that he is entitled to a rehearing "At any time after an order has been made by the commission"; that the Commission is a quasi-legislative body, and that rate making is a legislative act.

It is common knowledge that the vast majority of orders and decisions of the Commission are not appealed, and Tit. 48, § 76, was obviously written to apply to cases not appealed. But Tit. 48, § 79 et seq. provides for appeals from orders of the Commission.

■ The specific question here—the effect of a motion for a rehearing after an order of the Commission has been appealed to the circuit court—has not been decided previously by this court, but the question has been decided many times in our court system. The basic principle is that a case should not be pending in a lower and an appellate court at the same time. In McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62, this court said:

"* * * The effect of this appeal was to cause the trial court to lose all jurisdiction and control of the case pending the appeal to this court. The inferior court must, in such a case, of necessity, yield to the superior jurisdiction. The case cannot be pending in both courts at the same time. * * *"

It has been held that a motion for a new trial or an application for rehearing, even if filed prior to the time of taking an appeal cannot be acted upon by the trial court after an appeal is taken. In United Insurance Company of America v. Pounders, 279 Ala. 410, 186 So.2d 125, it was said:

"The motion for a new trial was filed September 7, 1963, duly continued to a day certain and overruled on October 4, 1963. This appeal was perfected on September 11, 1963, while the motion was pending. Such an appeal had the effect of removing the cause from the jurisdiction of the circuit court, so that it had no right or power to act on the motion. MacMahon v. Dozier, 237 Ala. 574, 187 So. 710 [1]; Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230 [20]. * * *"

In the last cited case, Robinson v. Morrison, supra, this court stated: "* * * And after an appeal has been taken, the trial court has no power to entertain a motion for a new trial or rehearing under Title 13, Sec. 119, or Title 7, Sec. 279, Code of 1940, except as it may be affected by the specific grant in criminal cases by Title 15, §§ 368 and 382 of the Code."

■ There are two provisions for a rehearing in matters before the Public Service Commission. One is Tit. 48, § 76, the pertinent section here, and Tit. 48, § 301(5). We have not specifically construed either of those sections as applied to a factual situation as here presented, but we have applied regular rehearing rules to such cases. In Alabama Public Service Commission v. Redwing Carriers, Inc., 281 Ala. 111, 199 So.2d 653, one of the intervening parties filed a motion for reconsideration of the order of the Commission. Before the motion for reconsideration was acted upon, an appeal was taken. This court said:

"As we read *Perkins,* supra [275 Ala. 1, 151 So.2d 627] it is decisive that in this state an appeal from an order of the Commission may be perfected pending action on a duly filed motion for reconsideration of that order.

"Nor was the appeal tardily filed because not filed within thirty days of the order of the Commission. This for the reason that the timely filed motion for reconsideration (analogous to a motion for a new trial) tolled the running of the thirty day period until the motion was

acted upon. If during the tolled period this appellant saw fit to perfect an appeal, such action was in effect an abandonment of its motion for reconsideration, and the original order was thereby rendered final and appealable. * * * "

In both *Perkins* and *Redwing,* this court treated the rehearing or reconsideration provisions of Title 48 in the same manner as a motion for a new trial in the circuit courts of this state. We hold that the same rules do apply in all instances except where the statutes specifically provide for a different application.

Supportive of this view is the provision made by the Legislature in Tit. 48, § 57, which permits "any affected person" or others to file a complaint in writing as to rates, service and other matters. Appellant was not a party to Docket No. 16571, but he could have filed his complaint under § 57 after the appeal or even now, but counsel for appellant stated at oral argument that appellant did not elect to proceed under § 57.

Since the appeal from the order in Docket No. 16571 removed the jurisdiction of that particular matter and proceeding from the Commission to the circuit court, the Commission was without jurisdiction to grant or refuse the motion for a rehearing and correctly dismissed the application for rehearing for want of jurisdiction.

It follows that the trial court correctly granted the motion to dismiss filed by the Commission in circuit court and correctly denied the petition for writ of mandamus.

Much of appellant's brief is devoted to the argument that the Commission's functions and powers were legislative. We agree that many of its functions and powers are legislative and that "rate making is legislative and not judicial," Alabama Public Service Commission v. Southern Bell Telephone and Telegraph Co., 253 Ala. 1, 42 So.2d 655. This court has also said in Murray v. Service Transport, Inc., 254 Ala. 683, 49 So.2d 221:

"The Public Service Commission is primarily an administrative body charged with the high duty and responsibility of regulating public utilities. To that end it is vested with authority and powers defined by statute, including the power to make regulations within the powers conferred. In the exercise of its supervisory or executive powers over public utilities it possesses quasi-legislative powers, such as rate making, the granting of franchises, etc.; also quasi-judicial powers, as a fact finding body on hearings in which parties in interest may present evidence and have a hearing. The quasi-judicial functions are incidental to and in aid of the proper exercise of the regulatory powers for which the commission has its being. Avery Freight Lines, Inc., v. White et al., 245 Ala. 618, 18 So.2d 394."

The order of the Commission dismissing the application for rehearing was an exercise of the Commission's quasi-judicial function.

Rate making is legislative but rehearings are judicial and are governed by judicial rules, and we apply the same general rules to applications for rehearings on orders of the Commission as we do on motions for new trials in civil matters in circuit court.

Affirmed.

HARWOOD, MADDOX and FAULKNER, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.