329 So.2d 534

**Ex parte LOUISVILLE AND NASHVILLE RAILROAD COMPANY, a corp.**

**In re Christopher C. WHATLEY, President, Alabama Public Service Com'n., et al.**

**SC 1475.**

Supreme Court of Alabama.

March 19, 1976.

Steiner, Crum & Baker and Walter R. Byars, Montgomery, for petitioner.

William J. Baxley, Atty. Gen., and Jerry L. Weidler, Asst. Atty. Gen., for the State.

SHORES, Justice.

L & N asks us to review a judgment of contempt entered in the Circuit Court of Jackson County, Alabama, on September 15, 1975, for failure to comply with an "Order to Cease and Desist" issued by two members of the Alabama Public Service Commission (hereinafter referred to as Commission).

On October 25, 1974, L & N and Southern Railway Company filed with the Commission a joint application to discontinue a L & N and Southern station agency and to remove the depot building at Stevenson, Jackson County, Alabama (APSC Docket 16943). Subsequently, L & N posted notice of its intent to abolish three operator positions at the Stevenson agency and to replace them with automatic equipment. L & N extended the termination date of these positions at the request of the Commission to May 22, 1975. Prior to this date, however, the Commission sent a telegram ordering L & N to cease and desist from removing the operators pending a final order in Docket 16943 and informing L & N that a written order would follow.

The order was received by mail on May 22, 1975, and recited that final action had been taken on Docket 16943, that the Commission had decided that the joint application for discontinuance of agency operations should be denied, and that L & N's decision to abolish the operator positions was contrary to the Commission's decision.

On June 12, 1975, L & N appealed to the Circuit Court of Montgomery County from the final action of the Commission in Docket 16943.

On the next day, June 13, 1975, the two Commission members filed in the Circuit Court of Jackson County a motion for issuance of order to show cause for contempt judgment against L & N for its failure to comply and seeking compliance with its "Cease and Desist Order." L & N responded by filing a motion to transfer the proceeding to the Circuit Court of Montgomery County on the basis that the entire proceeding was properly before the Montgomery Circuit Court.

The Circuit Court of Jackson County found L & N to be in contempt, ordered it to purge itself by compliance with the "Cease and Desist Order," ordered reimbursement to the Commissioners for legal expenses, and provided for a fine of $500 per day until L & N purged itself of contempt. The contempt judgment and the enforcement thereof and all further proceedings thereunder were stayed by this court pending review.

The matter is before this court on L & N's petition for writ of certiorari and/or prohibition to review the contempt judgment of the Circuit Court of Jackson County.

We address but one issue presented to us by the petition: Did the Jackson County Circuit Court have jurisdiction to impose contempt sanctions on L & N?

The Commission contends that Title 48, § 78, Code, places jurisdiction in any circuit court to enforce orders of the Alabama Public Service Commission. That statute provides:

"In case of failure or refusal on the part of any person to comply with any valid order of the commission or of any commissioner . . . *any circuit court in this state,* or any judge thereof, on application of a commissioner, may issue an attachment for such person and compel him to comply with such order . . . and the court or judge shall have power to punish for contempt as in cases of disobedience of a like order or subpoena issued by or from such court, or a refusal to testify therein." (Emphasis added)

L & N, on the other hand, maintains that the Circuit Court of Jackson County had no jurisdiction, since an appeal from the Commission's order had been perfected to the Circuit Court of Montgomery County un-

der the provisions of Title 48, § 79, which provides in part:

"From any final action or order of the commission . . . an appeal therefrom shall lie to the circuit court of Montgomery County . . ."

Under Title 48, § 78, any circuit court in the state has jurisdiction to compel compliance with valid orders of the Commission. However, the validity of the order involved here is the subject of the appeal pending in the Circuit Court of Montgomery County. We hold that, under the circumstances, the jurisdiction of the Circuit Court of Montgomery County is exclusive.

In *Walker v. Alabama Public Service Commission*, 292 Ala. 548, 297 So.2d 370 (1974), rehearing was sought by the Commission in a rate proceeding pursuant to Title 48, § 76, after the order of the Commission had been appealed to the Circuit Court of Montgomery County. Although the statute provides that a rehearing by any interested person can be had "At any time after an order has been made by the commission . . .," we determined that the appeal divested the Commission of jurisdiction to grant or refuse a motion for rehearing and found Title 48, § 76 (providing for rehearings by the Commission), applicable only to cases not appealed.

We think the same principle is applicable here. While it is true that Title 48, § 78, provides that any circuit court may compel compliance with any valid order of the Commission, it seems clear that this statute applies only to orders of the Commission not then on appeal to the Circuit Court of Montgomery County. This case is a good example of the confusion that an opposite result would produce. The order of the Commission in the instant case had been appealed to the Circuit Court of Montgom-

ery County. Its validity is being questioned there. The Circuit Court of Montgomery County acts as an appellate court in such cases. Therefore, the validity of the order of the Commission was before the Montgomery County Circuit Court at the time enforcement thereof was sought in Jackson County. We hold that once an appeal was taken to the Montgomery County Circuit Court, no other circuit court had jurisdiction to enforce such order under the provisions of Title 48, § 78.

This is not to say that the Commission can be stripped of the statutory right to seek compliance with its orders by the filing of an appeal pursuant to Title 48, § 79. Title 48, § 78, permits the Commission to seek enforcement in the Montgomery County Circuit Court.

Our holding is limited to a finding that the Circuit Court of Jackson County had no jurisdiction to enforce the Commission's order under the facts of this case. We do not pass on the merits of the order. The question of the power to issue the order and its alleged deficiencies are all before the Montgomery County Circuit Court for review.

The judgment of contempt is hereby vacated.

JUDGMENT OF CONTEMPT VACATED.

HEFLIN, C. J., and MERRILL, JONES and ALMON, JJ., concur.