HOLMES, Judge.
This is a divorce case.
The wife appeals from the trial court’s final judgment of divorce, which awarded custody of the parties’ two minor children to the husband.
*612 The husband has filed a motion to dismiss the wife’s appeal on grounds that this court does not have jurisdiction because the appeal was prematurely filed. We agree.
The trial court entered its final judgment of divorce on June 6, 1985. On June 25, 1985, the husband filed a motion to alter or amend the judgment with regard to the division of the parties’ personal property, to wit, a Rule 59, Alabama Rules of Civil Procedure, motion. On July 18, 1985, prior to the trial court’s ruling on the husband’s Rule 59 motion, the wife filed a notice of appeal to this court. Thereafter, on August 14, 1985, the trial court denied the motion to alter or amend.
Under Rule 59.1 of the Alabama Rules of Civil Procedure, a trial court has jurisdiction to dispose of a Rule 59 motion to alter or amend the judgment or for a new trial for a period of ninety days. If the trial court has not disposed of the motion during the ninety-day period, then at the expiration of such period the motion will be deemed to be denied by operation of law.
The trial court’s continuing jurisdiction of a Rule 59 motion during the ninety-day period is recognized by Rule 4(a)(3) of the Alabama Rules of Appellate Procedure. Under this rule, the filing of a Rule 59 motion will suspend the forty-two-day limitation for filing a notice of appeal. Rather than computing such time limitation from the date of the entry of the final judgment, the forty-two-day time period is computed from the date the trial court either grants or denies the motion or the motion is deemed denied by operation of law. Cf. Rule 4(a)(1) and 4(a)(3), A.R.A.P.
It is this court’s opinion that the combined effect of these rules is generally to prohibit an appellate court from usurping the continuing jurisdiction of the trial court during the ninety-day period in which it may dispose of a Rule 59 motion. Thus, until the trial court either grants or denies the motion, or the motion is denied by operation of law at the end of the ninety-day period (if the trial court has not acted upon it), an appeal to this court is premature and cannot transfer jurisdiction of the case to this court. Cf. Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983). Such would not necessarily be the case if it had been the wife-appellant who had filed the Rule 59 motion.
The result reached by this court is in keeping with the established principle in this state that a case should not be pending in a trial court and an appellate court at the same time. See Foster v. Greer and Sons, Inc., 446 So.2d 605 (Ala.1984); Walker v. Alabama Public Service Commission, 292 Ala. 548, 297 So.2d 370 (1974).
The wife argues, however, that her appeal was not premature because the husband’s motion to alter or amend pertained only to that part of the judgment which divided the parties’ personal property, whereas her appeal pertained solely to the award of custody.
We disagree. If the wife’s argument were true, it would often result in multiple appeals of a single judgment.
For the foregoing reasons, the appeal is due to be and is dismissed.
The husband has requested an attorney’s fee for representation on appeal. A fee of $500 is hereby awarded. The wife has also requested an attorney’s fee for appellate representation. Her request is denied.
APPEAL DISMISSED.
WRIGHT, P.J., and BRADLEY, J., concur.