On rehearing, the plaintiff argues that the City's alternative motion for a new trial was effectively deemed denied by operation of Rule 59.1, Ala.R.Civ.P., because the trial court did not rule on it within 90 days.
The original opinion in this case states the correct rule of law applicable when a party files a motion for a judgment notwithstanding the verdict, under the provisions of Rule 50(b), Ala.R.Civ.P.:
 "Where the trial court granted the motion for judgment n.o.v., but failed to rule on the motion for new trial, and the appellate court reverses the entry of judgment n.o.v., the appellate court may then: (1) order entry of judgment on the verdict; (2) order a new trial; or (3) remand the case to the trial court for reconsideration of the motion for new trial."
This quotation from 5A J. Moore J. Lucas, Moore's FederalPractice § 50.14 (2d ed. 1986), is the principle of law an appellate court should apply when a trial judge fails to make a ruling on an alternative motion for a new trial, as required by Rule 50(c)(1), Ala.R.Civ.P.
If the trial court conditionally grants the motion for a new trial, Rule 50(c)(1) states that "the order thereon does not affect the finality of the judgment." (Emphasis added.) In other words, the party against whom J.N.O.V. is entered may appeal the ruling, even though the trial judge has ordered a new trial. But what if the trial judge does not conditionally rule on the alternative motion for a new trial? Does Rule 59.1, Ala.R.Civ.P. apply? Obviously not. Rule 59.1 was never intended to apply to an alternative motion for a new trial filed pursuant to the provisions of Rule 50(b), and required to be ruled on by the provisions of Rule 50(c)(1) at the time the trial judge rules on the motion for a judgment notwithstanding the verdict. In such a case the motion for new trial will have been filed by the same party who filed the motion for judgment notwithstanding the verdict, and if an appeal is taken from the adverse ruling of the court on the motion for judgment notwithstanding the verdict, then the law is as stated in our opinion on original deliverance. In fact, in this case, and inHandley II, 494 So.2d 24 (Ala. 1986), the motion for a judgment notwithstanding the verdict and in the alternative for a new trial was one document and the same grounds were alleged for both motions.
The rule that a case cannot be pending in a lower court and an appellate court at the same time, Walker v. Alabama PublicService Commission, 292 Ala. 548, 297 So.2d 370 (1974) (overruled to the extent that it is inconsistent with Ex parteAndrews, 520 So.2d 507 (Ala. 1987)) would not apply to this appellant, in any event, because he had appealed, and there was pending in the trial court a motion for new trial which had not been ruled upon, but there is one distinct difference between this case and the facts in the Walker case. The procedure for the handling of motions for judgment notwithstanding the verdict is controlled by Rule 50(b), Ala.R.Civ.P., and specific provisions are made for incorporating a motion for new trial with the motion for J.N.O.V. These rules of civil procedure were not meant to be "traps" for the unwary, and I am of the opinion that, under the facts of this case, the original opinion stated the correct principle of law.
A whole different problem is presented when there are multiple claims or multiple parties, but Rule 54, Ala.R.Civ.P., contains the procedure to be followed in those cases. If there are multiple claims or multiple parties, and an order is entered as to one or more of the claims, but not all, or as to some of the parties, but not all, then the judgment entered is not final, unless a certification is made as required by Rule 54(b). Under Rule 50(c)(1), Ala.R.Civ.P., the judgment entered by the court in the motion for J.N.O.V. is a final judgment. In fact, when this Court gets an appeal in a case in which there is still pending in the trial court an issue upon which no adjudication *Page 525 
has been made, it will, on its own motion, remand the cause to the trial court to allow proceedings pursuant to the provisions of Rule 54(b). See Foster v. Greer Sons, Inc., 446 So.2d 605
(Ala. 1984).
Because of the above-stated reasons, I concurred in this Court's decisions released concurrently with this opinion, that a trial court has jurisdiction to rule on a party's timely filed post-judgment motion, even though another party has filed a notice of appeal. Ex parte Andrews, 520 So.2d 507 (Ala. 1987); Owens v. Coleman, 520 So.2d 514 (Ala. 1987). To apply the rule that the filing of a notice of appeal by one party
would oust the trial court of jurisdiction to rule on a timelyfiled post-judgment motion by another party would violate the spirit of the Rules of Civil and Appellate Procedure. Even though our Court has not adopted a rule of procedure to specifically address the problem presented in this case, and in the cases of Owens and Andrews, I believe that the principle I state herein adopts the spirit of our rules.
Every party is entitled to file a post-judgment motion if he considers the judgment entered to be adverse to him, and if a timely post-judgment motion is filed, then the filing of a notice of appeal by another party from that same judgment, should not, and, in my opinion, does not, oust the trial court of jurisdiction to rule on the motion. There could be cases, especially those involving multiple parties, where the grounds of a post-judgment motion could be entirely different, or where one party could appeal without filing a post-judgment motion. Why should one party, by filing a notice of appeal, be able to oust the trial court of its jurisdiction to rule on another party's motion? I do not believe one could. I would point out, however, that the better procedure would be for the party who has notice that an appeal has been taken, to file a motion in the appropriate appellate court, suggesting that the party has filed, or will file, a timely post-judgment motion with the trial court, and ask the appellate court to take appropriate action regarding the appeal. This procedure would allow for all of the issues tried below to be considered in one appeal, not several. Of course, if a post-trial motion has not been filed by one party when another party files a notice of appeal, then we cannot note its pendency and remand the case under Rule 54(b).
Although I am of the opinion that the provisions of Rule 59.1 should not apply in this case, for the reasons I have set out, I do believe that Rule 59.1 would apply to all post-judgment motions in other situations. In this case, the City of Brantley was successful in getting its motion for judgment notwithstanding the verdict granted. Even though the trial court should have ruled on the City's alternative motion for new trial (Rule 50(c)(1)), the failure of the trial court to do so was not an adverse ruling against the City. The City had won. Why should the City complain that the trial judge did not rule on its alternative motion for a new trial? Why should a winning party have to secure a ruling to protect its rights, especially when the identical grounds are alleged in both motions? There is no reason to require a winning party to do this. Of course, a trial judge should rule on the alternative motion for a new trial, as the rule says, but if he does not, I would not apply the principles of Rule 59.1 to the failure to rule.
Mr. Justice Beatty stated the correct principle of law to be applied in this case on original deliverance, quoting from 5A J. Moore J. Lucas, Moore's Federal Practice § 50.14 (2d ed. 1986). See also Gordon Mailloux Enterprises, Inc. v. Firemen'sInsurance Co., 366 F.2d 740 (9th Cir. 1966). I concur that the application for rehearing should be overruled.