To the extent the majority's opinion is predicated on this Court's adoption of the 1979 amendment to Rule 4(a)(4), F.R.App.P., to be applied prospectively, I concur. It is quite clear to me, however, that the result called for by the language of that amendment cannot be reached by an interpretation or construction of the Alabama Rules of Appellate Procedure *Page 511 
("Rules") as they are presently written. Insofar as Walker v.Alabama Public Service Comm'n, 292 Ala. 548, 297 So.2d 370
(1974); MCI Telecommunication, Inc. v. Alabama Public ServiceComm'n, 485 So.2d 700 (Ala. 1986); and Foster v. Greer Sons,Inc., 446 So.2d 605 (Ala. 1984), apply widely recognized principles of jurisdiction that are embodied in our Rules, they are sound decisions and are required to be overruled only because we now adopt, in effect, a new rule that affects common notions of jurisdiction.
With respect to the proper interpretation of our Rules, as they are currently written, it is clear that the drafters of the Rules intended the filing of a notice of appeal to have the very effect it was held to have in Walker i.e., it is jurisdictional. In the "Preface" to the Rules, it is stated: "The timely filing of a notice of appeal with the trial clerkis the only jurisdictional act required in the entire appellateprocess." (Emphasis added.)
Rule 2(a)(1), A.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed toinvoke the jurisdiction of the appellate court." (Emphasis added.)
Rule 3(a)(1), A.R.App.P., provides in part:
 "In civil cases an appeal permitted by law as of right, or a review by certiorari in a workmen's compensation case, shall be taken to an appellate court by filing a notice of appeal with the clerk of the trial court, within the time allowed by Rule 4. . . ."
The comment to Rule 3 explains the significance of the filing of a notice of appeal:
 "Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional. Rule 4(a) sets forth the relevant time periods for timely filing notice of appeal in civil appeals. Rule 4(b) sets forth the relevant time period for filing timely notice of appeal in criminal appeals." (Emphasis added.)
Before the 1979 amendment to Rule 4, F.R.App.P., it had been the general rule in federal courts that, when a notice of appeal had been filed prior to the assertion of a posttrial motion under Rule 59, F.R.Civ.P., jurisdiction of the action had already passed to the court of appeals and the district court could not consider the motion unless the court of appeals remanded the case to it for that purpose. See generally, 6A Moore's Federal Practice § 59.09[5] (1986) (hereinafter cited as "___ Moore's § ___") and those cases cited therein; 9Moore's § 203.11 and § 204.12[1] and those cases cited therein; Wright Miller, Federal Practice Procedure Civil § 2821 (1973).
The effect of the 1979 amendment to Rule 4(a)(4), F.R.App.P., is very well explained in the following passage:
 "The general rule has been that once an appeal is taken, the district court loses jurisdiction over the suit. The district court always had power under some of the rules to issue orders in aid of, or that did not interfere with, the appellate court's jurisdiction. Thus under Appellate Rule 4(a) the district court has the power to extend the time for taking an appeal to the court of appeals by 30 days, upon a showing of excusable neglect; and Rule 62 recognizes the long established right of the trial court to make appropriate stay orders to preserve the status quo, under certain prescribed conditions, after an appeal has been taken. And under Rule 60(a), during the pendency of an appeal, clerical mistakes may be corrected by the district court 'before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.' But in 1979, Rule 4(a)(4) of the Federal Rules of Appellate Procedure was amended to provide that if a timely motion under Rule 50(b), 52(b) or 59 is filed, a notice of appeal filed before the disposition of such motion shall have no effect and a new notice of appeal must be filed within the appeal time measured from the entry of the order disposing of the motion. Prior to 1979, . . . when the notice of appeal was filed [before a post-trial motion had been made], jurisdiction of the action passed to the court of appeals and the district court could not consider the motion unless the court of appeals remanded the case to it for that purpose." *Page 512 
6A Moore's § 59.09[5]. (Footnotes omitted.)
The state of the law in Alabama, prior to this Court's decisions in the present case and in Owens v. Coleman,520 So.2d 514 (Ala. 1987), at least with respect to the effect the filing of a notice of appeal had upon a trial court's power to receive and consider a subsequent post-trial motion, was the same as that which existed in the federal law prior to 1979. The filing of a timely notice of appeal effectively removed a case from the trial court's jurisdiction. See Walker, supra (a case cannot be pending in a lower court and in an appellate court at the same time); McLaughlin v. Beyer, 181 Ala. 427,61 So. 62 (1913) ("the effect of [an] appeal [is] to cause the trial court to lose all jurisdiction and control of the case pending the appeal"); and Rules 3 and 4, A.R.App.P.
Admittedly, on facts such as those in this case, our present Rules facilitate a "race to file" either a notice of appeal or a post-judgment motion. And, although the substance of the federal amendment is not free from difficulties, I think that solution is preferable in that it preserves a party's right to pursue post-judgment relief at the trial level, albeit perhaps at the opposing party's inconvenience of having to file a second notice of appeal.