770 So.2d 1087 (2000)
Ex parte STATE of Alabama ex rel. O.E.G.
(Re State of Alabama ex rel. O.E.G. v. H.W.)
1982109.
Supreme Court of Alabama.
May 5, 2000.
J. Coleman Campbell and Lois Brasfield, asst. attys. gen., Department of Human Resources, for petitioner.
Claude D. Boone, Mobile, for respondent.
PER CURIAM.
This mandamus petition by the State, acting on the relation of O.E.G., presents only one legal question: Whether the Mobile County Juvenile Court, in a case in which the defendant had filed a notice of appeal to the circuit court, from a final judgment, had jurisdiction to "reconsider" or rehear its ruling that was the subject of the notice of appeal.
The State, claiming that the juvenile court had lost jurisdiction over the case once the appeal was taken from a final adjudication of paternity, petitioned the Court of Civil Appeals for a writ of mandamus directing the juvenile court to set aside its order directing that the case be retried de novo in the juvenile court. The Court of Civil Appeals denied the mandamus petition. The State then petitioned this Court to issue a writ of mandamus directing Judge George A. Brown, of the Mobile Juvenile Court, to withdraw that order, dated March 25, 1999, wherein he had treated the notice of appeal in case no. CS-98-5841 as a "motion for reconsideration," had granted the motion, and had ordered that the case be tried de novo in the juvenile court.[1] Based on the record *1088 before us we conclude that the State has clearly shown that it is entitled to the relief it seeks; therefore, we grant the petition and issue the writ.

Facts
On September 24, 1998, the State, on the relation of O.E.G., filed a complaint in the Juvenile Court of Mobile County, Department of Investigation and Recovery, against H.W. The complaint alleged that O.E.G. had named H.W. as the father of her child, D.T.G. The complaint asked that H.W. be adjudicated to be the father of D.T.G. and that he be ordered to pay a reasonable sum toward D.T.G.'s support and maintenance. DNA tests conducted by order of the court indicated a 99.9998% probability that H.W. was the biological father of D.T.G.
On February 5, 1999, the case was presented to a referee, pursuant to § 12-15-6, Ala.Code 1975. A court reporter recorded the testimony of the witnesses and all that transpired at the hearing before the referee.
On February 8, 1999, the referee entered an order finding that H.W. was the father of D.T.G. The order required H.W. to pay monthly child support, to pay retroactive support, and to maintain medical insurance on D.T.G. The referee's order was confirmed by Judge Brown. (See paragraph 7 of Judge Brown's response, quoted at note 1.)
On February 19, 1999, H.W. filed in the juvenile court a notice of appeal to the Circuit Court of Mobile County for a trial de novo, but on March 25, 1999, Judge Brown entered an order stating that he was treating the defendant's notice of appeal as a motion for "reconsideration." The order purported to grant that motion and to set the case for a hearing on August 12, 1999, in the juvenile court.
On April 1, 1999, the State moved to set aside the March 25, 1999, order. The State argued: (1) If the notice of appeal was to be treated as a motion for a "reconsideration" or rehearing, then it should have had an opportunity to respond to that "motion"; (2) H.W.'s filing was clearly a notice of appeal and not a postjudgment motion; and (3) the trial court was without jurisdiction to issue the March 25, 1999, order because an appeal had already been taken to the circuit court. Judge Brown denied the State's motion on May 21, 1999.
On July 2, 1999, the State petitioned the Court of Civil Appeals for a writ of mandamus directing Judge Brown to set aside his order of March 25, 1999. In response to that petition, Judge Brown stated that he was actually treating H.W.'s notice of appeal as a request for review of the referee's decision. Judge Brown further stated:
"9. The policy which has been put into place [in the 13th Judicial Circuit, *1089 i.e., Mobile County] has been to remand all appeals from Circuit Court to the Juvenile Judge, [Judge Brown], for trials de novo on all cases which were pending as of January 19, 1999, as well as cases appealed subsequent thereto. The purpose of said policy is to allow a single Judge to conduct said hearings more quickly, rather than have cases assigned to any one of fourteen Circuit Judges, on already crowded dockets."
Finally, Judge Brown asserted that § 12-15-6(d), Ala.Code 1975, allows a juvenile court judge to order a rehearing in a case "at any time," and that that was what he did when he entered his March 25, 1999, order.
The Court of Civil Appeals denied the State's mandamus petition on August 17, 1999, without an opinion. Ex parte State (Re: State ex rel. O.E.G. v. H.W.) (No. 2981099), ___ So.2d ___ (Ala.Civ.App. 1999) (table). The State thereafter petitioned this Court for a writ of mandamus, asking for the same relief it had sought from the Court of Civil Appeals.

I.
The writ of mandamus, of course, is an extraordinary remedy that will issue only in situations where other relief is unavailable or is inadequate. See Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). The dispositive issue in regard to this petition is whether Judge Brown had jurisdiction to enter the March 25, 1999, order, the effect of which would be to set aside the order entered by the referee on February 8, 1999, an order that had been confirmed by Judge Brown, apparently on February 8, 1999. We conclude that Judge Brown did not have that jurisdiction. He lost jurisdiction of the case because the referee's order, when it was confirmed, had become a final judgment. See Blume v. State, 678 So.2d 1122, 1124 (Ala.Civ.App.1996); and § 12-15-6(e), Ala.Code 1975.
Although H.W. was entitled to file a postjudgment motion, such as a motion for a rehearing pursuant to § 12-15-6(d), he did not do so. He chose instead to appeal to the circuit court, filing what is clearly a notice of appeal to the Circuit Court of Mobile County, on February 19, 1999.[2] Jurisdiction over the case was, therefore, transferred to the circuit court. Judge Brown asserts that § 12-15-6(d) allows him to order a rehearing in this case "at any time." We disagree with that broad statement of the law. We conclude that a trial judge cannot regain jurisdiction of a case by treating a notice of appeal as a request for a rehearing. In Foster v. Greer & Sons, Inc., 446 So.2d 605, 608 (Ala.1984), this Court explained:
"The rule has been stated many times that when an appeal is taken the trial court may proceed only in matters entirely collateral to that part of the case which has been taken up by the appeal, but can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court."
This statement from Foster is an application of the general rule that jurisdiction of a case can be in only one court at a time. Id. (citing Walker v. Alabama Public Service Comm'n, 292 Ala. 548, 297 So.2d 370 (1974)).
*1090 Although § 12-15-6(d) states that "[a] rehearing before the judge may be ordered by the judge at any time," implicit in that grant of authority is the legal concept that the judge must still have jurisdiction over the case to be able to order a rehearing. Because jurisdiction over this case was transferred to the circuit court when H.W. filed his notice of appeal, Judge Brown was without jurisdiction to enter the March 25, 1999, order. Accordingly, that order was a nullity.

II.
Because Judge Brown was without jurisdiction to enter the March 25, 1999, order, it was error for him to deny the State's motion to set aside that order. Accordingly, we issue the writ of mandamus. Judge Brown is directed to vacate the order setting this case for a trial de novo in the Juvenile Court of Mobile County. Judge Brown is also directed to allow H.W.'s appeal, pursuant to Rule 28(B), Ala. R. Juv. P., to proceed in the Circuit Court of Mobile County.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and MADDOX, COOK, LYONS, and JOHNSTONE, JJ., concur.
NOTES
[1] Judge Brown filed in this Court his "Response to Petition for Writ of Mandamus," in which he avers, among other things, the following:

"7. Historically, in the 13th Judicial Circuit, the Department of Investigation and Recovery, a Division of the Circuit Court, has employed part-time referees to hear all proceedings, pursuant to Section 12-15-6 of the Code of Alabama, in paternity cases. Said orders were ratified by the presiding Judge of the Circuit, and appeals were taken to the Circuit Court pursuant to Section 26-17-10 of the Code of Alabama.
"8. Since the creation of the position currently held by the respondent [i.e., Judge Brown], who took office on January 19, 1999, this position has been assigned to the Juvenile Court and among other duties is the oversight of the Investigation and Recovery Division of the Court.
"9. The policy which has been put into place has been to remand all appeals from Circuit Court to the Juvenile Judge, Respondent, for trial de novo on all cases which were pending as of January 19, 1999, as well as cases appealed subsequent thereto. The purpose of said policy is to allow a single Judge to conduct said hearings more quickly, rather than have cases assigned to any one of fourteen Circuit Judges, on already crowded dockets.
"10. Pursuant to Section 26-17-20(b) and the Alabama Rules of Juvenile Procedure, Rule 28, and Section 12-15-6 of the Code of Alabama, the trial before the undersigned respondent will be a trial de novo, with an adequate record so that appeal therefrom may be taken to the Court of Civil Appeals."
[2] The document filed by H.W. on February 19, 1999, entitled "Notice of Appeal," read:

"COMES NOW the Defendant and gives this as his Notice of Appeal that the findings and order of the referee of this Court dated the 8th day of February, 1999, to the Circuit Court of Mobile County for a Trial De Novo before the Honorable Judges of the Circuit Court of Mobile County.
"In connection therewith your Defendant moves this Court for an Order determining the appropriate amount of a Supersedeas Bond in connection with the stay of the Order of the Referee entered on the 6th [sic] day of February, 1999."